UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

ROXANNE ADAMS, Administrator            :
Of the Estate of Jamycheal M. Mitchell, :
                                        :
                    Plaintiff,          :
v.                                      :      Civil Action No. 2:16cv229
                                        :
NAPHCARE, INC.,                         :
NSEKENENE KOLONGO, M.D.,                 :
RENEE EDWARDS, LCSW,                     :
JUSTIN RAY, NP-PSYCH,                    :
BENEDICT NGWA, NP,                       :
PAM JOHNSON, RN,                         :
NATALYA THOMAS, RN, HAS,                 :
JALESSA RIVERS, LPN,                     :
HOPE NICHOLSON, MA,                      :
DORIS MURPHY, MSW,                       :
JOHN/JANE DOES NAPHCARE NURSES (1-11), :
LENNA JO DAVIS, CLERK,                   :
KELLY N. BOYD,                           :
HAMPTON ROADS REGIONAL JAIL              :
AUTHORITY,                               :
HAMPTON ROADS REGIONAL JAIL,             :
DAVID L. SIMONS,                         :
EUGENE TAYLOR, III,                      :
BARNES,                                  :
BLAKELY,                                 :
BOURNE,                                  :
BUTCHER,                                 :
GIBBS,                                   :
HILLIARD,                                :
HOWARD,                                  :
KEISTER,                                 :
WHITAKER,                                :
POWELL,                                  :
SMITH,                                   :
DIXON,                                   :
JOHNSON,                                 :
DERRICK R. BROWN,                        :
SGT. T. PHILLIPS,                        :
SGT. WILLAM A. EPPERSON,                 :
SGT. STEVEN W. WHITEHEAD,                :

SGT. TAMARA L. EVERETTE,                    :
LT. RODERICK D. MADISON,                    :
SGT. REGINALD WHITEHEAD,                     :
CAPT. FELICIA M. COWAN,                     :
DEBRA K. FERGUSON, LCP, and                 :
GAIL HART,                                   :
                                             :
                    Defendants.             :

## ANSWER  AND AFFIRMATIVE DEFENSES

Defendants, David L. Simons, Eugene Taylor III, Roderick D. Madison, Felicia Cowan, Christopher Gibbs, William Hilliard, Robert Keister, Joseph Powell, David Smith, Kandis Johnson, Stephen Phillips, and Tamara Everett, by counsel, for their Answer and Affirmative Defenses to plaintiff's Complaint state as follows:

## ANSWER

1.      Admitted in part; denied in part.  Defendants admit that Jamycheal M. Mitchell died on August 19, 2015 at the Hampton Roads Regional Jail.  The remainder of the allegations contained in this paragraph are denied.

2.      Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.  Answering defendants deny all allegations of this paragraph regarding the "Correctional Officer Defendants."  Answering defendants deny the remaining allegations of

this paragraph as they are without sufficient knowledge or information upon which to form a belief as to the truth of those allegations and therefore deny same.

8. Denied.

9. Denied.

10. Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

11. Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

12. Denied.

13. Denied.

14. Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

15. Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

16. Admitted in part; denied in part. Answering defendants admit only that investigations have been initiated. Defendants deny the remaining allegations contained in this paragraph.

17. Denied as a conclusion of law.

18. Denied as a conclusion of law.

19.     Denied as a conclusion of law.

20.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

21.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

22.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

23.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

24.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

25.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

26.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

27.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

28.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

29.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

30.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

31.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

32.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

33.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

34.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

35.     Admitted in part; denied in part.  Answering defendants admit only the allegations of this paragraph that are consistent with the statutory language in Va. Code § 53.1-95.2 *et seq*. Any allegations inconsistent with the statutory language in Va. Code § 53.1-95.2 are denied. Defendants admit that HRRJA was the employer of Defendants Simons and Eugene Taylor and the correctional officer defendants.  The remaining allegations contained in paragraphs 35 (a) through (g) are denied.

36.     Admitted in part; denied in part.  Defendants admit that the Hampton Roads Regional Jail Authority operates a regional jail located in Portsmouth, Virginia and houses inmates from the cities of Chesapeake, Hampton, Portsmouth, Newport News and Norfolk, Virginia.  The remaining allegations contained in this paragraph are denied.

37.     Admitted in part; denied in part.  Defendants admit that David L. Simons was the Superintendent of the facility on August 19, 2015 and was employed by the Hampton Roads Regional Jail Authority.  On August 21, 2015, a Request for Proposal was issued for potential medical care companies because the Naphcare contract was ending.The language of the Request for Proposal speaks for itself.  The remaining allegations contained in paragraph 37 (a) through (f) are denied.

38.     Admitted in part; denied in part.   Defendant Eugene Taylor, III was the Assistant Superintendent of the facility and was employed by the Hampton Roads Regional Jail Authority. The remaining allegations of this paragraph are denied.

39.     Denied.  No response is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

40.     Admitted in part; denied in part.  Defendants admit that the correctional officer defendants were at all relevant times employed by the Hampton Roads Regional Jail Authority. The remaining allegations of this paragraph are denied.

41.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

42.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

43.     Denied as a conclusion of law.

44.     Denied as a conclusion of law.

45.     Denied as a conclusion of law.

46.     Denied as a conclusion of law.

47.     Denied as a conclusion of law.

48.     Denied as a conclusion of law.

49.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

50.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

51.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

52.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

53.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

54.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

55.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

56.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

57.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

58.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

59.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

60.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

61.     Admitted in part; denied in part.  Defendants admit that on May 11, 2015 Mitchell was transferred to the facility.  The documents referred to speak for themselves.  The remaining allegations contained in this paragraph are denied.

62.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

63.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

64.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

65.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

76.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

77.     Denied.

78.     Denied.

79.     Denied. The referenced document speaks for itself.  Answering defendants deny the allegations contained in this paragraph.

80.     Denied.

81.     Admitted in part; denied in part.  Defendants admit that Mitchell was sent to Maryview Hospital on July 30, 2015 after Mitchell's condition was brought to NaphCare's attention by a member of the correctional staff.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of this paragraph and therefore deny same.

82.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

83.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

84.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

85.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

86.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

87.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

88.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

89.     Denied as a conclusion of law.

90.     Denied as a conclusion of law.

91.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

92.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

93.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

94.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

95.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

96.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

97.     Denied.

98.     Denied.

99.     Denied.

100.     Admitted in part; denied in part.   Defendants admit that EMS was called to the scene.   Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of this paragraph and therefore deny same.

101.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

102.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

103.     No response is required.   To the extent a response is required, defendants deny the allegations contained in this paragraph.

104.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

105.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

106. Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

107. Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

108. Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

109. Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

110. Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

111. Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

112. Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

113.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

114.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

115.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

116.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

117.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

118.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

119.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

120.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

121.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

122.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

123.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

124.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

125.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

126.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

127.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

128.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

129.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

130.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

131.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

132.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

133.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

134.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

135.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

136.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

141.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

142.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

143.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

144.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

145.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

146.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

147.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

148.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

149.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

150.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

159.    Denied.

160.    Denied.

161.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

162.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

163.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

164.    Denied.

165.    Denied.

166.    Admitted in part; denied in part.  Answering defendants admit only the allegations of this paragraph that are consistent with the statutory language in Va. Code § 53.1-95.2 *et seq.* Any allegations inconsistent with the statutory language in Va. Code § 53.1-95.2 are denied.

167.    Denied.  The referenced document speaks for itself.

168.    Denied.

169.    Denied.

170.    Denied.  The referenced document speaks for itself.

171.    Denied.

172.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

173.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

174.    Admitted in part; denied in part.  Defendants admit that on August 19, 2015, Mitchell was in the custody of the facility operated by the Hampton Roads Regional Jail Authority.  The remaining allegations contained in this paragraph are denied.

175.    Denied as a conclusion of law.

176.   Denied as a conclusion of law.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied as a conclusion of law.

182.   Denied.

183.   Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

184.   Denied.

185.   Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

186.   Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

192.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

193.    Denied.

194.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

195.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Answering defendants incorporate by references their responses to paragraphs 1 – 201 as if set forth at length.

203.    Denied as a conclusion of law.

204.   Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Denied.

211.   No response is required.

212.   Defendants incorporate by references their responses to paragraphs 1 – 211 as if set forth at length.

213.   Denied as a conclusion of law.

214.   Denied as a conclusion of law.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   No response is required.

224.    Answering defendants incorporate by references their responses to paragraphs 1 – 223 as if set forth at length.

225.    Denied as a conclusion of law.

226.    Denied as a conclusion of law.

227.    Denied as a conclusion of law.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied as a conclusion of law.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    No response is required.

239.    Defendants incorporate by references their responses to paragraphs 1 – 238 as if set forth at length.

240.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

241.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

242.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

243.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

244.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

245.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

246.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

247.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

248.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

249.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

250.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

251.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

252.     Answering defendants incorporate by references their responses to paragraphs 1 – 251 as if set forth at length.

253.     Denied.

254.     Denied.

255.     Denied.

256.     Denied.

257.     Denied.

258.     No response is required.

259.     Defendants incorporate by references their responses to paragraphs 1 – 258 as if set forth at length.

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

260.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

261.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

262.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

263.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

264.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

265.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

266.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

## AFFIRMATIVE DEFENSES

1.     Answering defendants deny that they breached any of plaintiff's constitutional, common law or statutory rights, deny any wrongdoing, intentional or tortious behavior, and deny that plaintiff is entitled to any relief.

2.     Plaintiff's claims under §1983 against answering defendants in their individual capacity are barred by the doctrine of qualified good faith immunity.  Plaintiff has not alleged facts supporting claims that answering defendants violated plaintiff's clearly established constitutional rights.

3.     Plaintiff's claims under §1983 against answering defendants in their individual capacity are or may be barred by the *Vinnedge* doctrine absent their personal involvement in plaintiff's care.

4.     Plaintiff's negligence, gross negligence, and wilful and wanton negligence claims are or may be barred by the doctrine of sovereign immunity.

5.     Plaintiff fails to state a claim upon which relief may be granted against HRRJ, Simons, or Taylor for maintaining an unconstitutional policy or custom of deliberate indifference to the provision of medical care.

6.     Plaintiff fails to state a claim upon which relief may be granted against Simons or Taylor as final policymakers for HRRJA.

7.     Plaintiff fails to state a claim upon which relief may be granted against answering defendants under the Fourteenth Amendment or the Due Process clause

8.     Plaintiff fails to state a claim upon which relief may be granted against answering defendants pursuant to 42 U.S.C. §1983 for supervisory liability, as plaintiff cannot establish that

answering defendants knew of or disregarded a risk of harm, or exhibited deliberate indifference, causing injury to plaintiff.

9.      Any harm to plaintiff was the result of a superseding cause and/or intervening cause, as answering defendants by law may rely on the judgment of medical personnel and on court and Eastern State Hospital personnel to do their jobs.

10.     Answering defendants deny that they are indebted to plaintiff for any reason or in any amount.

11.     Answering defendants did not act with malice or recklessness toward plaintiff, but rather acted in good faith at all times, thereby barring any claims for compensatory or punitive damages.

12.     Plaintiff fails to allege sufficient facts supporting a claim for punitive damages against answering defendants.

13.     Any harm to plaintiff or alleged damages resulted from acts or omissions of third parties, as answering defendants by law may rely on the judgment of medical personnel and on court and Eastern State Hospital personnel to do their jobs.

14.     Plaintiff's damages for state law claims are or may be limited to $1.5 million pursuant to Va. Code Section 2.2-1839.

15.     Plaintiff's claim for gross negligence is barred by the decedent's contributory negligence.

16.     Answering defendants reserve the right to add such other and further defenses as may be developed in the course of discovery in this action.

17.     Any paragraph of the Complaint not expressly admitted or denied is hereby denied.

18.    A jury trial is demanded in this matter.

WHEREFORE, having fully answered and set forth their affirmative defenses, Defendants Simons, Taylor, Madison, Cowan, Gibbs, Hilliard, Keister, Powell, Smith, Johnson, Phillips and Everett move for dismissal of this action with prejudice, plus costs.

> DAVID L. SIMONS
> EUGENE TAYLOR III
> RODERICK D. MADISON
> FELICIA COWAN
> CHRISTOPHER GIBBS
> WILLIAM HILLIARD
> ROBERT KEISTER
> JOSEPH POWELL
> DAVID SMITH
> KANDIS JOHNSON
> STEPHEN PHILLIPS
> TAMARA EVERETT
>
> By:_____/s/_____
>                       Of Counsel

Jeff W. Rosen, Esquire
Virginia Bar No. 22689
*Counsel for Defendants Simons, Taylor, Madison, Cowan,*
*Gibbs, Hilliard, Keister, Powell, Smith, Johnson, Phillips and Everett*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax: (757) 502-7351
Email: jrosen@pendercoward.com

Lisa Ehrich, Esquire
Virginia Bar No. 32205
*Counsel for Defendants Simons, Taylor, Madison, Cowan,*
*Gibbs, Hilliard, Keister, Powell, Smith, Johnson, Phillips and Everett*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia 23462
Phone: (757) 490-3000
Fax: (757) 497-1914
Email: lehrich@pendercoward.com

Jeffrey A. Hunn, Esquire
Virginia Bar # 45487
*Counsel for Defendants Simons, Taylor, Madison, Cowan,*
*Gibbs, Hilliard, Keister, Powell,*
*Smith, Johnson, Phillips and Everett*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia  23462
Phone:  (757) 490-3000
Fax:  (757) 497-1914
jhunn@pendercoward.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 2²ⁿᵈ day of June, 2016, I will electronically file the foregoing *Answer and Affirmative Defenses* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mark J. Krudys, Esq.
The Krudys Law Firm, PLC
Sun Trust Center
919 East Main Street; Suite 960
Richmond, VA  23219
Phone:  (804) 774-7950
Fax:  (804) 913-7836
mkrudys@krudys.com
*Counsel for Plaintiff*

William W. Tunner, Esq.
Michael G. Matheson, Esq.
William D. Prince, IV, Esq.
Thompson McMullan
100 Shockoe Slip
Richmond, VA  23219
Phone:  (804) 698-6205
Fax:  (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
wprince@t-mlaw.com
*Counsel for Defendants Epperson,*
*Whitaker, Butcher, Dixon, Brown, Barnes,*
*Bourne, Blakely, Stephen Whitehead*
*and Reginald Whitehead*

Nicholas Simopoulos, Esq.
Adam Yost, Esq.
Office of the Virginia Attorney General
202 North 9th Street
Richmond, VA  23219
Phone:  (804) 786-8199
Fax:  (804) 371-2087
nsimopoulos@oag.state.va.us
ayost@oag.state.va.us
*Counsel for Davis and Boyd*

Ryan F. Furgurson, Esq.
Gregory F. Holland, Esq.
Setliff & Holland, P.C.
4940 Dominion Blvd.
Glen Allen, VA  23060
Phone:  (804) 377-1275
Fax:  (804) 377-1295
rfurgurson@setliffholland.com
gholland@setliffholland.com
*Counsel for Hart*

_____/s/_____
Jeff W. Rosen, Esquire
Virginia Bar No. 22689
*Counsel for Defendants Simons, Taylor, Madison, Cowan,*
*Gibbs, Hilliard, Keister, Powell,*
*Smith, Johnson, Phillips and Everett*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia  23462
Phone:  (757) 490-6253
Fax:  (757) 502-7351
Email:  jrosen@pendercoward.com

---

*Mitchell v. Naphcare, Inc.*      Case No.  2:16cv00229          PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM