UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

ROXANNE ADAMS, Administrator　　　　　　　:
Of the Estate of Jamycheal M. Mitchell,　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiff,　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　　　:　　Civil Action No. 2:16cv229
　　　　　　　　　　　　　　　　　　　　　　　　:
NAPHCARE, INC.,　　　　　　　　　　　　　　:
NSEKENENE KOLONGO, M.D.,　　　　　　　　:
RENEE EDWARDS, LCSW,　　　　　　　　　　:
JUSTIN RAY, NP-PSYCH,　　　　　　　　　　　:
BENEDICT NGWA, NP,　　　　　　　　　　　　:
PAM JOHNSON, RN,　　　　　　　　　　　　　:
NATALYA THOMAS, RN, HAS,　　　　　　　　　:
JALESSA RIVERS, LPN,　　　　　　　　　　　　:
HOPE NICHOLSON, MA,　　　　　　　　　　　:
DORIS MURPHY, MSW,　　　　　　　　　　　　:
JOHN/JANE DOES NAPHCARE NURSES (1-11), :
LENNA JO DAVIS, CLERK,　　　　　　　　　　:
KELLY N. BOYD,　　　　　　　　　　　　　　:
HAMPTON ROADS REGIONAL JAIL　　　　　　:
AUTHORITY,　　　　　　　　　　　　　　　　:
HAMPTON ROADS REGIONAL JAIL,　　　　　　:
DAVID L. SIMONS,　　　　　　　　　　　　　:
EUGENE TAYLOR, III,　　　　　　　　　　　　:
BARNES,　　　　　　　　　　　　　　　　　　:
BLAKELY,　　　　　　　　　　　　　　　　　:
BOURNE,　　　　　　　　　　　　　　　　　　:
BUTCHER,　　　　　　　　　　　　　　　　　:
GIBBS,　　　　　　　　　　　　　　　　　　　:
HILLIARD,　　　　　　　　　　　　　　　　　:
HOWARD,　　　　　　　　　　　　　　　　　:
KEISTER,　　　　　　　　　　　　　　　　　　:
WHITAKER,　　　　　　　　　　　　　　　　　:
POWELL,　　　　　　　　　　　　　　　　　　:
SMITH,　　　　　　　　　　　　　　　　　　　:
DIXON,　　　　　　　　　　　　　　　　　　　:
JOHNSON,　　　　　　　　　　　　　　　　　:
DERRICK R. BROWN,　　　　　　　　　　　　　:
SGT. T. PHILLIPS,　　　　　　　　　　　　　　:
SGT. WILLAM A. EPPERSON,　　　　　　　　　:
SGT. STEVEN W. WHITEHEAD,　　　　　　　　:

SGT. TAMARA L. EVERETTE,          :
LT. RODERICK D. MADISON,          :
SGT. REGINALD WHITEHEAD,          :
CAPT. FELICIA M. COWAN,           :
DEBRA K. FERGUSON, LCP, and       :
GAIL HART,                        :
                                  :
            Defendants.           :

## ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM

Defendants, Hampton Roads Regional Jail Authority and Hampton Roads Regional Jail, by counsel, for their Answer, Affirmative Defenses and Cross-Claim to plaintiff's Complaint state as follows:

## ANSWER

1.      Admitted in part; denied in part.  Defendants admit that Jamycheal M. Mitchell died on August 19, 2015 at the Hampton Roads Regional Jail.  The remainder of the allegations contained in this paragraph are denied.

2.      Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.  Answering defendants deny all allegations of this paragraph regarding the "Correctional Officer Defendants."  Answering defendants deny the remaining allegations of this paragraph as they are without sufficient knowledge or information upon which to form a belief as to the truth of those allegations and therefore deny same.

8.     Denied.

9.     Denied.

10.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

11.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

12.     Denied.

13.     Denied.

14.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

15.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

16.     Admitted in part; denied in part.  Answering defendants admit only that investigations have been initiated.  Defendants deny the remaining allegations contained in this paragraph.

17.     Denied as a conclusion of law.

18.     Denied as a conclusion of law.

19.     Denied as a conclusion of law.

20.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

21.    Admitted in part; denied in part.  Defendants admit the allegations of paragraph 21 with the exception of the last sentence.  The remaining allegations of paragraph 21 are denied.

22.    Defendants admit the allegations contained in paragraph 22.

23.    Defendants admit the allegations contained in paragraph 23.

24.    Defendants admit the allegations contained in paragraph 24.

25.    Defendants admit the allegations contained in paragraph 25.

26.    Defendants admit the allegations contained in paragraph 26.

27.    Defendants admit the allegations contained in paragraph 27.

28.    Defendants admit the allegations contained in paragraph 28.

29.    Defendants admit the allegations contained in paragraph 29.

30.    Defendants admit the allegations contained in paragraph 30.

31.    Defendants admit the allegations contained in paragraph 31.

32.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

33.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

34.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

35.    Admitted in part; denied in part.  Answering defendants admit only the allegations of this paragraph that are consistent with the statutory language in Va. Code § 53.1-95.2 *et seq*. Any allegations inconsistent with the statutory language in Va. Code § 53.1-95.2 are denied. Defendants admit that HRRJA was the employer of Defendants Simons and Eugene Taylor and the correctional officer defendants.  The remaining allegations contained in paragraphs 35 (a) through (g) are denied.

36.    Admitted in part; denied in part.  Defendants admit that the Hampton Roads Regional Jail Authority operates a regional jail located in Portsmouth, Virginia and houses inmates from the cities of Chesapeake, Hampton, Portsmouth, Newport News and Norfolk, Virginia.  The remaining allegations contained in this paragraph are denied.

37.    Admitted in part; denied in part.  Defendants admit that David L. Simons was the Superintendent of the facility on August 19, 2015 and was employed by the Hampton Roads Regional Jail Authority.  On August 21, 2015, a Request for Proposal was issued for potential medical care companies because the Naphcare contract was ending. The language of the Request for Proposal speaks for itself.  The remaining allegations contained in paragraph 37 (a) through (f) are denied.

38.    Admitted in part; denied in part.  Defendant Eugene Taylor, III was the Assistant Superintendent of the facility and was employed by the Hampton Roads Regional Jail Authority. The remaining allegations of this paragraph are denied.

---

39.    Denied.    No response is required.    To the extent a response is required, defendants deny the allegations contained in this paragraph.

40.    Admitted in part; denied in part.    Defendants admit that the correctional officer defendants were at all relevant times employed by the Hampton Roads Regional Jail Authority. The remaining allegations of this paragraph are denied.

41.    Denied.    Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

42.    Denied.    Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

43.    Denied as a conclusion of law.

44.    Denied as a conclusion of law.

45.    Denied as a conclusion of law.

46.    Denied as a conclusion of law.

47.    Denied as a conclusion of law.

48.    Denied as a conclusion of law.

49.    Denied.    Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

50.    Denied.    Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

51.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

52.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

53.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

54.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

55.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

56.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

57.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

58.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

59.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

60.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

61.     Admitted in part; denied in part.    Defendants admit that on May 11, 2015 Mitchell was transferred to the facility.  The documents referred to speak for themselves.  The remaining allegations contained in this paragraph are denied.

62.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

63.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

64.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

65.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

76.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

77.    Denied.

78.    Denied.

79.    Denied.  The referenced document speaks for itself.  Answering defendants deny the allegations contained in this paragraph.

80.    Denied.

81.    Admitted in part; denied in part.  Defendants admit that Mitchell was sent to Maryview Hospital on July 30, 2015 after Mitchell's condition was brought to NaphCare's attention by a member of the correctional staff.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of this paragraph and therefore deny same.

82.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

83.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

84.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

85.    Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

86.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

87.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

88.     Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

89.     Denied as a conclusion of law.

90.     Denied as a conclusion of law.

91.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

92.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

93.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

94.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

95.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

96.     Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Admitted in part; denied in part.  Defendants admit that EMS was called to the scene.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of this paragraph and therefore deny same.

101.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

102.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

103.    No response is required.  To the extent a response is required, defendants deny the allegations contained in this paragraph.

104.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

105.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

106.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

107.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

108.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

109.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

110.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

111.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

112.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

113.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

114.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

115.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

116.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

117.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

118.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

119.    Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

120.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

121.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

122.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

123.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

124.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

125.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

126.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

127.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

128.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

129.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

130.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

131.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

132.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

133.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

134.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

135.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

136.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

141.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

142.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

143.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

144.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

145.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

146.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

147.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

148.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

149.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

150.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

159.    Denied.

160.    Denied.

161.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

162.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

163.    Denied.  Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

164.    Denied.

165.    Denied.

166.    Admitted in part; denied in part.  Answering defendants admit only the allegations of this paragraph that are consistent with the statutory language in Va. Code § 53.1-95.2 *et seq.* Any allegations inconsistent with the statutory language in Va. Code § 53.1-95.2 are denied.

167.    Denied.  The referenced document speaks for itself.

168.    Denied.

169.    Denied.

170.    Denied.  The referenced document speaks for itself.

171.    Denied.

172.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

173.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

174.    Denied. Admitted in part; denied in part.  Defendants admit that on August 19, 2015, Mitchell was in the custody of the facility operated by the Hampton Roads Regional Jail Authority.  The remaining allegations contained in this paragraph are denied.

175.    Denied as a conclusion of law.

176.    Denied as a conclusion of law.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied as a conclusion of law.

182.    Denied.

183.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

184.    Denied.

185.    Admitted.

186.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

192.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

193.    Denied.

194.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

195.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Answering defendants incorporate by references their responses to paragraphs 1 – 201 as if set forth at length.

203.    Denied as a conclusion of law.

204.    Admitted.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    No response is required.

212.    Defendants incorporate by references their responses to paragraphs 1 – 211 as if set forth at length.

213.    Denied as a conclusion of law.

214.    Denied as a conclusion of law.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    No response is required.

224.    Answering defendants incorporate by references their responses to paragraphs 1 – 223 as if set forth at length.

225.    Denied as a conclusion of law.

226.    Denied as a conclusion of law.

227.    Denied as a conclusion of law.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied as a conclusion of law.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    No response is required.

239.    Defendants incorporate by references their responses to paragraphs 1 – 238 as if set forth at length.

240.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

241.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

242.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

243.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

244.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

245.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

246.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

247.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

248.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

249.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

250.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

251.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

252.    Answering defendants incorporate by references their responses to paragraphs 1 – 251 as if set forth at length.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

257.    Denied.

258.    No response is required.

259.    Defendants incorporate by references their responses to paragraphs 1 – 258 as if set forth at length.

260.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

261.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

262.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

263.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

264.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

265.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

266.    Denied. Answering defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

## AFFIRMATIVE DEFENSES

1.    Answering defendants deny that they breached any of plaintiff's constitutional, common law or statutory rights, deny any wrongdoing, intentional or tortious behavior, and deny that plaintiff is entitled to any relief.

2.    Answering defendants are not responsible for the acts or omissions of any employee, representative or agent that were outside the scope of employment.

3.    Plaintiff fails to state a claim against answering defendants for gross negligence or wilful and wanton negligence or for *respondeat superior* liability absent facts sufficient to

establish that answering defendants or their agents, employees, or representatives acted in such manner.

4.    Plaintiff fails to state a claim upon which relief may be granted against HRRJA for maintaining an unconstitutional policy or custom of deliberate indifference to the provision of medical care.

5.    Plaintiff fails to state a claim upon which relief may be granted against Simons or Taylor as final policymakers for HRRJA.

6.    Plaintiff fails to state a claim upon which relief may be granted against answering defendants under the Fourteenth Amendment or the Due Process clause

7.    Plaintiff fails to state a claim upon which relief may be granted against HRRJ, as HRRJ is not a legal entity subject to suit.

8.    Any harm to plaintiff was the result of a superseding cause and/or intervening cause, as answering defendants by law may rely on the judgment of medical personnel and on court and Eastern State Hospital personnel to do their jobs.

9.    Answering defendants deny that they are indebted to plaintiff for any reason or in any amount.

10.    Answering defendants did not act with malice or recklessness toward plaintiff, but rather acted in good faith at all times, thereby barring any claims for compensatory or punitive damages.

11.    Plaintiff fails to allege sufficient facts supporting a claim for punitive damages against answering defendants.

12.     Any harm to plaintiff or alleged damages resulted from acts or omissions of third parties, as answering defendants by law may rely on the judgment of medical personnel and on court and Eastern State Hospital personnel to do their jobs.

13.     Plaintiff's damages for state law claims are or may be limited to $1.5 million pursuant to Va. Code Section 2.2-1839.

14.     Plaintiff's claim for gross negligence is barred by the decedent's contributory negligence.

15.     Answering defendants reserve the right to add such other and further defenses as may be developed in the course of discovery in this action.

16.     Any paragraph of the Complaint not expressly admitted or denied is hereby denied.

17.     A jury trial is demanded in this matter.

WHEREFORE, having fully answered and set forth their affirmative defenses, Defendants Hampton Roads Regional Jail Authority and Hampton Roads Regional Jail move for dismissal of this action with prejudice, plus costs.

## CROSS-CLAIM PLAINTIFF HRRJA'S CROSS-CLAIM AGAINST CROSS-CLAIM DEFENDANT NAPHCARE, INC.

COMES NOW the Defendant and Cross-Claim Plaintiff, Hampton Roads Regional Jail Authority ("HRRJA"), by counsel, for its Cross-Claim against Defendant and Cross-Claim Defendant NaphCare, Inc. ("NaphCare") pursuant to Rule 13 of the Federal Rules of Civil Procedure, and states as follows:

1.     Plaintiff filed the underlying action against HRRJA and others, arising from defendants' alleged negligence and deliberate indifference in causing her decedent's death.

2.      HRRJA denies any liability to plaintiff and has denied any negligence or any unconstitutional or other improper conduct.  HRRJA's Answer and Affirmative Defenses are incorporated herein by reference.

3.      HRRJA avers that its agents, representatives, and employees neither mistreated nor ignored Mr. Mitchell during his incarceration at HRRJ. Throughout Mr. Mitchell's incarceration, jail officers performed routine security checks twice an hour as required by the Virginia Dept. of Criminal Justice Services, provided three meal trays a day, and Mr. Mitchell was housed in a cell with running water.  Jail officers encouraged Mr. Mitchell to eat and gave him additional food on numerous occasions.  Mr. Mitchell's cell was cleaned regularly and he was showered and provided clean uniforms, which he refused to wear.  Mr. Mitchell was also referred to and monitored by NaphCare, its physicians, nurses, and mental health professionals, and due to the intervention of jail officers was sent out to Maryview Hospital for emergency treatment.  At no time did NaphCare, its physicians, nurses, or mental health professionals advise HRRJA, its administrators or jail officers that Mr. Mitchell was suffering from a life-threatening condition or required further medical intervention.

4.      Defendant and Cross-Claim Defendant NaphCare is a company providing healthcare services to correctional facilities throughout the country and has a business address of 2090 Columbiana Road, Suite 4000, Birmingham, Alabama 35216.

## COUNT I

## <u>BREACH OF CONTRACT</u>

5.      The allegations contained in Paragraphs 1-4 of this Cross-Claim are incorporated herein by reference as if set forth at length.

---

6.     On May 3, 2012, HRRJA entered into a Contract ("the Contract") with NaphCare wherein NaphCare agreed to provide "A Comprehensive Medical, Dental and Mental Health Services Program for Inmates of the Hampton Roads Regional Jail."   A copy of the Contract is attached hereto and incorporated herein as Exhibit #1.

7.     NaphCare agreed further that "[t]he primary objective of this contract is to provide medically necessary services that are cost effective and maintain a level of quality in accordance with standards established by the Commonwealth of Virginia Board of Corrections (BOC); the National Commission on Correctional Health Care ("NCCHC"); and the American Correctional Association ("ACA"). "

8.     The Contract sets forth that the "scope and quality" of the medical and mental health services to be provided, including:

> diagnostic testing, preventive services and after care considered appropriate, in terms of type, amount, frequency, level, setting and duration appropriate to the patient's diagnosis and condition ... must be consistent with generally accepted practice parameters in the Commonwealth of Virginia as recognized by health care providers in the same or similar general specialty as typically treat or manage the diagnosis or condition, help restore the patient's health, prevent the deterioration of palliate the patient's condition, prevent the reasonably likely onset of a health problem, or detect an incipient problem.

9.     NaphCare also contractually agreed to provide an "on-site medical services program" consistent with the Community Standard that would "meet the medical needs of inmates (e.g., initial physical assessments, ongoing evaluation and treatment of medical conditions, stabilization of urgent and emergency medical/psychiatric conditions, discharge planning and medication management)," an on-site mental health care delivery program to meet the needs of the inmates," and "[a]n off-site preferred provider network of hospitals, physicians, and other ancillary medical providers to provide medically necessary services to inmates which cannot be provided on-site" for inmates at HRRJ.

10.     Based upon claims made by plaintiff, NaphCare breached the Contract by failing to provide appropriate medical care and mental health care to Mr. Mitchell in accordance with the provisions of the Contract.

11.     To the extent that plaintiff establishes by competent proof that the work performed and services supplied by NaphCare were negligent, grossly negligent, and/or wilfully and wantonly negligent and/or that NaphCare failed to provide medically necessary services in accordance with the Contract and the standards established by the NCCHC, the ACA, the Community Standard, and the Virginia Dept. of Corrections, NaphCare is in breach of the Contract and is lawfully indebted to HRRJA for the amount awarded to plaintiff.

12.     Accordingly, HRRJA asserts this claim for breach of contract against NaphCare.

## COUNT II

## INDEMNIFICATION

13.     The allegations contained in Paragraphs 1-12 of this Cross-Claim are incorporated herein by reference as if set forth at length.

14.     The Contract provides, in pertinent part, that:

The vendor shall indemnify and hold harmless the Hampton Roads Regional Jail Authority and its member cities: the City of Hampton, the City of Newport News, the City of Norfolk and the City of Portsmouth, Virginia and their representatives from and against all losses and claims, demands, suits, actions, payments and judgments arising from personal injury or otherwise, brought or recovered by reason of any act or omission of the vendor, its agents, servants, or employees, in the execution of the contracted work, including any and all expense, legal and otherwise, incurred by the Hampton Roads Regional Jail Authority and its member cities or their representatives in the defense of any claim or suit.

15.     Plaintiff's claims of negligence, gross negligence, and wilful and wanton negligence against HRRJA arise out of the provision of medical and mental health-care services by NaphCare.

16.     If plaintiff suffered damages as alleged in the Complaint, such damages arose out of or resulted from the failure of NaphCare to provide medical and mental health services as outlined in the Contract.

17.     HRRJA denies that plaintiff is entitled to recovery against HRRJA, but should a verdict be entered in plaintiff's favor against HRRJA, HRRJA is entitled to indemnification from NaphCare for the full amount of any such verdict pursuant to the Contract.

18.     HRRJA has made demand for NaphCare to indemnify, hold harmless and assume and defend HRRJA, its member cities, and their representatives against the underlying action. NaphCare has not responded to HRRJA's demand.  A copy of the demand letter is attached hereto as Exhibit #2.

19.     To the extent that plaintiff establishes a valid claim against HRRJA for work performed and services supplied pursuant to the Contract by NaphCare for HRRJA, and proves that plaintiff is entitled to damages as a result thereof, HRRJA is entitled to indemnification from NaphCare per the Contract.

WHEREFORE, Defendant HRRJA moves the Court to grant its Cross-Claim against Defendant NaphCare, to award damages in favor of HRRJA against NaphCare, and to award such other and further relief as is just and appropriate under the circumstances.

HAMPTON ROADS REGIONAL JAIL AUTHORITY
HAMPTON ROADS REGIONAL JAIL

By:_____/s/_____
Of Counsel

Jeff W. Rosen, Esquire
Virginia Bar No. 22689
*Counsel for Hampton Roads Regional*
*Jail Authority, Hampton Roads Regional Jail,*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia  23462
Phone:  (757) 490-6253
Fax:  (757) 502-7351
Email:  jrosen@pendercoward.com

Lisa Ehrich, Esquire
Virginia Bar No. 32205
*Counsel for Hampton Roads Regional*
*Jail Authority, Hampton Roads Regional Jail,*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia  23462
Phone:  (757) 490-3000
Fax:  (757) 497-1914
Email:  lehrich@pendercoward.com

Jeffrey A. Hunn, Esquire
Virginia Bar # 45487
*Counsel for Hampton Roads Regional*
*Jail Authority, Hampton Roads Regional Jail,*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia  23462
Phone:  (757) 490-3000
Fax:  (757) 497-1914
jhunn@pendercoward.com

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2016, I will electronically file the foregoing *Answer, Affirmative Defenses and Cross-Claim* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mark J. Krudys, Esq.
The Krudys Law Firm, PLC
Sun Trust Center
919 East Main Street; Suite 960
Richmond, VA  23219
Phone:  (804) 774-7950
Fax:  (804) 913-7836
mkrudys@krudys.com
*Counsel for Plaintiff*


William W. Tunner, Esq.
Michael G. Matheson, Esq.
William D. Prince, IV, Esq.
Thompson McMullan
100 Shockoe Slip
Richmond, VA  23219
Phone:  (804) 698-6205
Fax:  (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
wprince@t-mlaw.com
*Counsel for Defendants Epperson,*
*Whitaker, Butcher, Dixon, Brown, Barnes,*
*Bourne, Blakely, Stephen Whitehead*
*And Reginald Whitehead*


Nicholas Simopoulos, Esq.
Adam Yost, Esq.
Office of the Virginia Attorney General
202 North 9th Street
Richmond, VA  23219
Phone:  (804) 786-8199
Fax:  (804) 371-2087
nsimopoulos@oag.state.va.us
ayost@oag.state.va.us
*Counsel for Davis and Boyd*

---

*Mitchell v. Naphcare, Inc.*     Case No.  2:16cv00229

PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Ryan F. Furgurson, Esq.
Gregory F. Holland, Esq.
Setliff & Holland, P.C.
4940 Dominion Blvd.
Glen Allen, VA  23060
Phone:  (804) 377-1275
Fax:  (804) 377-1295
rfurgurson@setliffholland.com
gholland@setliffholland.com
*Counsel for Hart*


_____/s/_____
Jeff W. Rosen, Esquire
Virginia Bar No. 22689
*Counsel for Hampton Roads Regional*
*Jail Authority and Hampton Roads Regional Jail*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia  23462
Phone:  (757) 490-6253
Fax:  (757) 502-7351
Email:  jrosen@pendercoward.com