IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| ROXANNE ADAMS, ADMINISTRATOR OF | ) | |
| THE ESTATE OF JAMYCHEAL M. MITCHELL | ) | |
| Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16cv229 |
| | ) | |
| NAPHCARE, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT NSEKENENE KOLONGO, M.D.'S ANSWER TO COMPLAINT

Defendant Nsekenene Kolongo, M.D. ["Dr. Kolongo"], by counsel, for his Answer to the Complaint filed by Roxanne Adams, Administrator of the Estate of Jamycheal M. Mitchell, Deceased, ["Plaintiff"], respectfully states as follows:

## I. INTRODUCTION

1.      Dr. Kolongo admits that Jamycheal M. Mitchell ["Mitchell"] expired on August 19, 2015 at the Hampton Roads Regional Jail.  Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained Paragraph 1 of the Complaint and they are therefore denied.

2.      To the extent Paragraph 2 of the Complaint contains allegations about dates, events, and background information, Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of those allegations. With regard to allegations directed toward other defendants in this matter, no response is required from Dr. Kolongo.  Dr. Kolongo denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 3 of the Complaint and they are therefore denied..

4.      Dr. Kolongo denies all allegations in Paragraph 4 of the Complaint to the extent those allegations apply to or are directed specifically toward Dr. Kolongo.  Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 4 of the Complaint and they are therefore denied.

5.      Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 5 of the Complaint and they are therefore denied.

6.      Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 6 of the Complaint and they are therefore denied.

7.      Dr. Kolongo denies all allegations in Paragraph 7 of the Complaint to the extent those allegations apply to or are directed specifically toward Dr. Kolongo, Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 7 of the Complaint and they are therefore denied.

8.      Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 9 of the Complaint and they are therefore denied.

9.      Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 9 of the Complaint and they are therefore denied.

10.     Dr. Kolongo admits that Mitchell was sent by a NaphCare medical provider to Maryview Medical Center for a medical evaluation.  Dr. Kolongo further admits that the Maryview ED records contain documentation in the "clinical impressions" section that states: bilateral lower extremity edema, hypoalbunminemia, and elevated transaminase level. Dr. Kolongo denies all allegations in Paragraph 10 of the Complaint to the extent those allegations

2

apply to or are directed specifically toward Dr. Kolongo.  Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 of the Complaint and they are therefore denied.

11.     Dr. Kolongo denies all allegations in Paragraph 11 of the Complaint to the extent those allegations apply to or are directed specifically toward Dr. Kolongo. With regard to the allegation regarding the TDO and CRO, this calls for a legal conclusion to which no response in required. Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 11 of the Complaint and they are therefore denied.

12.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 12 of the Complaint and they are therefore denied.

13.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 13 of the Complaint and they are therefore denied.

14.     With regard to the definition of "nearly cachectic", this allegation calls for a medical expert opinion to which no response is required.  Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained Paragraph 14 of the Complaint and they are therefore denied.

15.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 15 of the Complaint and they are therefore denied.

16.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 16 of the Complaint and they are therefore denied.

## II. **<u>JURISDICTION</u>**

17.     Paragraph 17 states a legal conclusion to which no response is required.

### III. <u>VENUE</u>

18.    Paragraph 18 states a legal conclusion to which no response is required.

19.    Paragraph 19 states a legal conclusion to which no response is required.

### IV. <u>PARTIES</u>

20.    Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 20 of the Complaint and they are therefore denied.

21.    Dr. Kolongo admits that NaphCare, Inc. is an Alabama corporation and that during the time frame at issue, NaphCare, Inc. was contracted with the Hampton Roads Regional Jail ["HRRJ"]. The remaining allegations (except the last sentence) in Paragraph 21 state legal conclusions to which no response is required. Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the last sentence of Paragraph 21 of the Complaint.

22.    Dr. Kolongo admits that he is a physician licensed to practice medicine in the Commonwealth of Virginia. He further admits that during the time Mitchell was incarcerated at the HRRJ, he was a NaphCare employee and was the Medical Director.   No response is required to the allegations that state legal conclusions. Dr. Kolongo denies the remainder of the allegations contained in Paragraph 22 of the Complaint.

23.    The allegations in Paragraph 23 are directed toward another defendant in this case, and as such, no response is required from Dr. Kolongo.

24.    The allegations in Paragraph 24 are directed toward another defendant in this case, and as such, no response is required from Dr. Kolongo.

25.    The allegations in Paragraph 25 are directed toward another defendant in this case, and as such, no response is required from Dr. Kolongo.

4

26.     The allegations in Paragraph 26 are directed toward another defendant in this case, and as such, no response is required from Dr. Kolongo.

27.     The allegations in Paragraph 27 are directed toward another defendant in this case, and as such, no response is required from Dr. Kolongo.

28.     The allegations in Paragraph 28 are directed toward another defendant in this case, and as such, no response is required from Dr. Kolongo.

29.     The allegations in Paragraph 29 are directed toward another defendant in this case, and as such, no response is required from Dr. Kolongo.

30.     The allegations in Paragraph 30 are directed toward another defendant in this case, and as such, no response is required from Dr. Kolongo.

31.     The allegations in Paragraph 31 are directed toward other defendants in this case, and as such, no response is required from Dr. Kolongo.

32.     The first sentence of Paragraph 32 is not an allegation and therefore, no response is required. To the extent the remaining allegations are directed toward Dr. Kolongo, he admits that he was the Medical Director and that each health care provider had specific responsibilities and duties with regard to the provision of medical services within the HRRJ. The remaining allegations are denied as phrased.

33.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 33 of the Complaint.

34.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 34 of the Complaint.

35.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Complaint, including all its subparts.

36.     Dr. Kolongo admits that HRRJ is a regional jail located in Portsmouth, Virginia. Upon information and belief, Dr. Kolongo further admits that inmates of the jail are from surrounding cities including Chesapeake, Hampton, Portsmouth, Newport News, and Norfolk, Virginia.  Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 37 of the Complaint including all its subparts. Further responding, to the extent any of the allegations are directed toward Dr. Kolongo, he denies involvement in the contract or contracting process between NaphCare, Inc. and HRRJ.

38.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     The language set forth in Paragraph 39 is not an allegation, and as such, no response is required.

40.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 of the Complaint.

## V. **APPLICABLE STATUTES**

43.     The allegation in Paragraph 43 of the Complaint calls for a legal conclusion, and as such, no response is required. To the extent a response is required, this allegation is denied.

44.     The allegation in Paragraph 44 of the Complaint calls for a legal conclusion, and as such, no response is required.  To the extent a response is required, this allegation is denied.

45.     The allegation in Paragraph 45 of the Complaint calls for a legal conclusion, and as such, no response is required. To the extent a response is required, this allegation is denied.

46.     The allegation in Paragraph 46 of the Complaint calls for a legal conclusion, and as such, no response is required. To the extent a response is required, this allegation is denied.

47.     The allegation in Paragraph 47 of the Complaint calls for a legal conclusion, and as such, no response is required. To the extent a response is required, this allegation is denied.

48.     The allegation in Paragraph 48 of the Complaint calls for a legal conclusion, and as such, no response is required. To the extent a response is required, this allegation is denied.

## VI. FACTS

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title of section "A."

49.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50 of the Complaint.

51.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51 of the Complaint.

52.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 52 of the Complaint.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title of section "B."

53.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53 of the Complaint.

54.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54 of the Complaint.

55.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 of the Complaint.

56.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 56 of the Complaint.

57.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57 of the Complaint.

58.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of the Complaint.

Upon information and belief, Dr. Kolongo admits that Mitchell was transferred to HRRJ on May 11, 2015 as set forth in the title of the section, "C."

60.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Upon information and belief, Dr. Kolongo admits that Mitchell was transferred to HRRJ on May 11, 2015. He further admits the allegations contained in Paragraph 61 to the

extent they are consistent with the documentation in the medical records. With regard to Plaintiff's opinions, commentary, and additional allegations, these allegations are denied.

62.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Complaint.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title of section "D."

63.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 of the Complaint.

64.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of the Complaint.  Further responding, to the extent any allegations in Paragraph 64 are directed toward Dr. Kolongo, they are denied.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title of section "E."

65.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65 of the Complaint.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title of section "F" but denies the allegations directed at him.

66.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 66 of the Complaint that are directed toward other defendants.   Dr. Kolongo denies the allegations directed at him in Paragraph 66 of the Complaint.

67.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 67 of the Complaint that are directed toward other

defendants.  To the extent any allegations in Paragraph 67 are directed at Dr. Kolongo, they are denied.

68.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 68 of the Complaint.

69.      Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 69of the Complaint.

70.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71 of the Complaint that are directed toward other defendants.  To the extent any allegations in Paragraph 71 are directed at Dr. Kolongo, they are denied.

72.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 74 of the Complaint.

Dr. Kolongo denies the allegation set forth in the title of section "G" of the Complaint.

75.     Dr. Kolongo denies the first sentence of Paragraph 75 of the Complaint.  The remaining allegations appear to be excerpts from the jail medical records and are admitted to the extent they are consistent with the documentation in the records. Strict proof thereof is demanded.

76.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 76 of the Complaint.

77.     Dr. Kolongo denies the allegations set forth in Paragraph 77 of the Complaint.

78.     To the extent the allegations in Paragraph 78 of the Complaint are directed at Dr. Kolongo, they are denied.  Further responding, Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 78 of the Complaint to the extent they are directed toward other defendants.

The statement made in the title of section "H" is not an allegation, but an opinion and requires no response. Should a response be required, Dr. Kolongo avers that the document speaks for itself.

79.     To the extent the information contained in Paragraph 79 of the Complaint are allegations, they are denied. The referenced document speaks for itself.

80.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 80 of the Complaint that are directed toward other defendants.  To the extent any allegations in Paragraph 80 are directed at Dr. Kolongo, they are denied.

Dr. Kolongo denies the allegations set forth in the title of section "I".

81.     Dr. Kolongo admits that on July 30, 2015, Mitchell was sent to Maryview Medical Center for evaluation.  He further admits that the Maryview records indicate that at first the inmate refused to allow his blood to be drawn, but eventually laboratory studies were obtained.  He additionally admits that the diagnoses as set forth in the Complaint are those that appear in the Maryview Medical records.  He additional admits that Mitchell was not admitted to the hospital, but that after evaluation, he was felt to be stable enough for discharge back to the

11

HRRJ the same day, and was discharged.  The remaining allegations in Paragraph 81 of the Complaint are denied.

82.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 82 of the Complaint with regard to the accuracy of the weight, but admits that this may have been what was recorded in the Maryview Medical Center records, to the extent that this is consistent with the documentation in the records. Strict proof is demanded.

83.     Dr. Kolongo denies the allegations contained in Paragraph 83 of the Complaint.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title of section "J."

84.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 86 of the Complaint.

87.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 87 of the Complaint.

88.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     The allegations contained in Paragraph 89 state legal conclusions to which no response is required.

90.     The allegations contained in Paragraph 90 state legal conclusions to which no response is required.

91.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 91 of the Complaint.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title section "K" of the Complaint

92.     Some of the allegations in Paragraph 92 of the Complaint call for legal conclusions to which no response is required. Further responding, the remaining allegations appear to be directed toward another defendant to which no response is required.  Should a response be required, Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of those allegations contained in Paragraph 92 of the Complaint.

93.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 93 of the Complaint.  Further responding, the allegations are directed toward another defendant, and the last sentence states a legal conclusion to which no response is required.

94.     To the extent allegations in Paragraph 94 of the Complaint are directed toward him, they are denied. Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 94 of the Complaint.

95.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 95 of the Complaint.

96.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 96 of the Complaint.  The document speaks for itelf.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title section "L" of the Complaint.

97.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 97 of the Complaint.

98.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 98 of the Complaint.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title section "M" of the Complaint.

99.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 99 of the Complaint.

100.     Dr. Kolongo admits that the jail medical records indicate that EMS was called to the scene and that Mitchell was pronounced at 0559. Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 100 of the Complaint.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title section "N" of the Complaint.

101.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 101 of the Complaint.

102.     Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 102 of the Complaint.

The title of Section "O" contains no allegations, thus, no response from Dr. Kolongo is required.

103.     Paragraph 103 contains no allegations, thus, no response is required.

Dr. Kolongo denies the allegations set forth in the title of section 1(a)

104.     Dr. Kolongo denies the allegations set forth in Paragraph 104 of the Complaint.

105.     Dr. Kolongo denies the allegations set forth in Paragraph 105 of the Complaint.

106.     Dr. Kolongo denies the allegations set forth in Paragraph 106 of the Complaint.

*Defendant Renee Edwards*

107.     The allegations in Paragraph 107 are directed toward another defendant, and thus, no response is required. Should a response be required from Dr. Kolongo, Dr. Kolongo denies the allegations set forth in Paragraph 107 of the Complaint.

108.     The allegations in Paragraph 108 are directed toward another defendant, and thus, no response is required. Should a response be required from Dr. Kolongo, Dr. Kolongo denies the allegations set forth in Paragraph 108 of the Complaint.

109.     The allegations in Paragraph 109 are directed toward another defendant, and thus, no response is required. Should a response be required from Dr. Kolongo, Dr. Kolongo denies the allegations set forth in Paragraph 109 of the Complaint.

110.     The allegations in Paragraph 110 are directed toward another defendant, and thus, no response is required. Should a response be required from Dr. Kolongo, Dr. Kolongo denies the allegations set forth in Paragraph 110 of the Complaint.

111.     The allegations in Paragraph 111 are directed toward another defendant, and thus, no response is required. Should a response be required from Dr. Kolongo, Dr. Kolongo denies the allegations set forth in Paragraph 111 of the Complaint.

*Defendant Ray, NP*

112.     The allegations in Paragraph 112 are directed toward another defendant, and thus, no response is required. Should a response be required from Dr. Kolongo, Dr. Kolongo denies the allegations set forth in Paragraph 112 of the Complaint.

113.     The allegations in Paragraph 113 are directed toward another defendant, and thus, no response is required. Should a response be required from Dr. Kolongo, Dr. Kolongo denies the allegations set forth in Paragraph 113 of the Complaint

114.     The allegations in Paragraph 114 are directed toward another defendant, and thus, no response is required. Should a response be required from Dr. Kolongo, Dr. Kolongo denies the allegations set forth in Paragraph 114 of the Complaint.

115.     The allegations in Paragraph 115 are directed toward another defendant, and thus, no response is required. Should a response be required from Dr. Kolongo, Dr. Kolongo denies the allegations set forth in Paragraph 115 of the Complaint.

116.     The allegations in Paragraph 116 are directed toward another defendant, and thus, no response is required. Should a response be required from Dr. Kolongo, Dr. Kolongo denies the allegations set forth in Paragraph 116 of the Complaint.

117.     The allegations in Paragraph 117 are directed toward another defendant, and thus, no response is required. Should a response be required from Dr. Kolongo, Dr. Kolongo denies the allegations set forth in Paragraph 117 of the Complaint.

*NaphCare Nursing Staff – Segregation Rounds*

118.     Dr. Kolongo admits that an order for segregation rounds daily was entered under his name on May 17, 2015. The remainder of the allegations contained in this lengthy narrative, which is four and a half pages long and contains multiple charts and footnotes, appears to be a compilation of, and/or contains excerpts from, Mitchell's medical records. Dr. Kolongo denies

the allegations to the extent they are not consistent with the medical records. Further responding, Dr. Kolongo denies all allegations that Mitchell was ignored and/or in distress.  With regard to legal conclusions contained in Paragraph 118, no response is required. Any allegations remaining are denied.

*Defendant Kolongo, MD*

119.    With regard to the allegations set forth in Paragraph 119 of the Complaint that appear to  be excerpts from the jail medical records for Mitchell, Dr. Kolongo admits that on July 30, 2015, Defendant Ngwa made notations in the medical record concerning Ngwa's examination of Mitchell. To the extent what is set forth in the Complaint is an accurate transcription of Defendant Ngwa's notes, Dr. Kolongo admits that Paragraph 119 accurately sets forth what Defendant Ngwa charted.   Further responding, Dr. Kolongo denies the remaining allegations contained in Paragraph 119 of the Complaint.

120.    This Paragraph is a very lengthy narrative extending over two pages and containing footnotes. Dr. Kolongo admits that he was the Medical Director on July 30, 2015. He further admits that he had access to Mitchell's chart on July 30, 2015.  The remaining allegations contained in Paragraph 120 of the Complaint are denied.

121.    Paragraph 121 of the Complaint extends over seven pages in length and contains a large chart and footnotes, and appears to be a compilation of, and/or contains excerpts from, Mitchell's medical records. Dr. Kolongo denies the allegations to the extent they are not consistent with the medical records. Further responding, Dr. Kolongo denies all allegations that Mitchell was ignored and/or in distress.   Most of the allegations contained in this Paragraph appear to be directed toward other individuals and/or defendants to which no response is required.  To the extent allegations are directed toward Dr. Kolongo, they are denied.

122.    The allegations contained in Paragraph 122 appear to be directed toward other individuals and/or defendants to which no response is required.  To the extent any allegations are directed toward Dr. Kolongo, they are denied.

*Defendant Benedict Ngwa, NP*

123.    The allegations contained in Paragraph 123 appear to be directed toward another defendant to which no response is required.  Should a response be required from Dr. Kolongo, responds as follows: With regard to the allegations set forth in Paragraph 123 of the Complaint that appear to be excerpts from the jail medical records for Mitchell, Dr. Kolongo admits that on various dates, Defendant Ngwa made notations in the medical record concerning Ngwa's Mitchell.  To the extent what is set forth in Paragraph 123 of the Complaint is an accurate transcription of Defendant Ngwa's notes, Dr. Kolongo admits that Paragraph 123 accurately sets forth what Defendant Ngwa charted. With regard to allegations regarding the timing of the note, Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of those allegations.

124.    With regard to the allegations set forth in Paragraph 124 of the Complaint, this appears to be an excerpt from the jail medical records for Mitchell, Dr. Kolongo admits that on various dates, Defendant Ngwa made notations in the medical record concerning Ngwa's Mitchell.  To the extent what is set forth in Paragraph 124 of the Complaint is an accurate transcription of Defendant Ngwa's notes, Dr. Kolongo admits that Paragraph 124 accurately sets forth what Defendant Ngwa charted.  With regard to allegations regarding the timing of the note, Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of those allegations.

125.    The allegations contained in this Paragraph appear to be directed toward another defendant to which no response is required.  Should a response be required from Dr. Kolongo, responds as follows: Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 125 of the Complaint.

*NaphCare Nursing Staff – Care Plans*

126.    Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 126 of the Complaint.

*Defendant Pam Johnson, RN*

127.    The allegations contained in this Paragraph appear to be directed toward another defendant to which no response is required.  Should a response be required from Dr. Kolongo, responds as follows: Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 127 of the Complaint.

*Defendant Natalya Thomas, RN, HSA*

128.    The allegations contained in Paragraph 128 appear to be directed toward another defendant to which no response is required.  Should a response be required from Dr. Kolongo, responds as follows: Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 128 of the Complaint.

*Misc. NaphCare Employees*

*(a) Defendant Jalessa Rivers, LPN*

129.    The allegations contained in Paragraph 129 appear to be directed toward another defendant to which no response is required.  Should a response be required from Dr. Kolongo, responds as follows: Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 129 of the Complaint.

130.    With regard to the allegations set forth in Paragraph 130 of the Complaint, this appears to contain an excerpt from the jail medical records for Mitchell. Dr. Kolongo admits that on August 9, 2015, Defendant Rivers made an entry in the medical record concerning Mitchell. To the extent what is set forth in Paragraph 130 of the Complaint is an accurate transcription of Defendant Rivers' note, Dr. Kolongo admits that this portion of Paragraph 130 accurately sets forth what Defendant Rivers charted. Further responding, the allegations contained in this Paragraph appear to be directed toward another defendant to which no additional response is required.  Should a response be required from Dr. Kolongo, responds as follows: With regard to the remaining allegations in Paragraph 130, Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of those allegations.

*(b) Defendant Hope Nicholson, MA*

131.    Dr. Kolongo admits that the medical records for Mitchell contain an entry indicating that on August 12, 2015, Defendant Hope Nicholson, MA conducted segregation rounds on Mitchell and made an entry in the records accordingly. Further responding, the allegations contained in this Paragraph appear to be directed toward another defendant to which no additional response is required.  Should a response be required from Dr. Kolongo, responds as follows: With regard to the remaining allegations in Paragraph 131, Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of those allegations.

*(c) Defendant Doris Murphy, MSW*

132.    The allegations contained in this Paragraph appear to be directed toward another defendant to which no response is required.  Should a response be required from Dr. Kolongo, responds as follows: Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 132.

*(d) Defendants John/Jane Doe NaphCare Nurses No. 1-2*

133.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required.   To the extent any allegations are directed toward Dr. Kolongo, they are denied. Should any further response be required from Dr. Kolongo with regard to the allegations directed toward the other individuals/defendants, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 133.

*(e) Defendants John/Jane Doe NaphCare Nurse No. 3*

134.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required.   To the extent any allegations are directed toward Dr. Kolongo, they are denied. Should any further response be required from Dr. Kolongo with regard to the allegations directed toward the other individuals/defendants, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 134.

*(f) Defendants John/Jane Doe NaphCare Nurses No.4-8*

135.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required.   To the extent any allegations are directed toward Dr. Kolongo, they are denied. Should any further response be required from Dr. Kolongo with regard to the allegations directed toward the other individuals/defendants, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 135.

*(g) Defendants John/Jane Doe NaphCare Nurses 9-11*

136.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required.  To the extent any allegations are directed toward Dr. Kolongo, they are denied. Should any further response be required from Dr. Kolongo with regard to the allegations directed toward the other individuals/defendants, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 136.

*Correctional Defendants: Barnes, Blakely, Bourne, Butcher, Gibbs, Hilliard, Howard, Keister, Whitaker, Powell, Smith, Dixon, Johnson, D. Brown, Phillips, Epperson, Sgt.Whitehead, Lt. Whitehead, Everette, Madison, and Cowan*

137.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 137.

138.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 138.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title of section "b."

139.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 139.

140.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 140.

141.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 141.

142.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 142.

143.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 143.

144.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 144.

145.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr.

Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 145.

146.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 146.

147.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 147.

148.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 148.

149.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 149.

150.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 150.

Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title of section "c."

151.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required.  To the extent any allegations in this Paragraph are directed toward him, directly or implicitly, they are denied. Should a response be required from Dr. Kolongo with regard to the allegations directed toward other defendants/individuals, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 151.

152.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 152.

153.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 153.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title of section "d."

154.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 154.

155.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 155.

156.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 156.

157.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 157.

158.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 158.

159.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 159.

160.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr.

Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 160.

161.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 161.

162.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 162.

163.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 163.

164.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he responds as follows:   Dr. Kolongo admits only that on August 19, 2015, The Medical Emergency Code report reflects that a code was called regarding inmate Mitchell at 0544.   NaphCare nurses arrived at 0546 and Mitchell was found supine in his bunk, cuffed, and pulseless. CPR was started at 0546, the ambulance arrived at 0554, and that the he was pronounced dead at 0559. Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 164.

Dr. Kolongo lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the title of section "e."

165.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 165.

*The Jail Authority Defendants (HRRJA/HRRJ, Simmons, and Eugene Taylor)*

166.    The allegations contained in Paragraph 166 appear to be directed toward other individuals/defendants and states a legal conclusion to which no response is required.

167.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 167.  The document speaks for itself.

168.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required.  To the extent any allegations in this Paragraph are directed toward him, directly or implicitly, they are denied. Should a response be required from Dr. Kolongo with regard to the allegations directed toward other defendants/individuals, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 168.

169.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required.  To the extent any allegations in this Paragraph are directed toward him, directly or implicitly, they are denied. Should a response be required from Dr. Kolongo with regard to the allegations directed toward other

defendants/individuals, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 169.

170.    Paragraph 170 is a lengthy narrative extending nearly two pages which appears to contain excerpts from a contract between NaphCare and the HRRJ.  The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required.  To the extent any allegations in this Paragraph are directed toward him, directly or implicitly, they are denied. Should a response be required from Dr. Kolongo with regard to the allegations directed toward other defendants/individuals, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 170.

171.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required.  To the extent any allegations in this Paragraph are directed toward him, directly or implicitly, they are denied. Should a response be required from Dr. Kolongo with regard to the allegations directed toward other defendants/individuals, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 171.

*The Clerk's Office Defendants (Davis and Boyd)*

172.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants to which no response is required. Should a response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 172.

*The DBHDS Defendants (Ferguson and Hart)*

173.    The allegations contained in this Paragraph appear to be directed toward other individuals/defendants and state legal conclusions to which no response is required. Should a

response be required from Dr. Kolongo, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 173.

Dr. Kolongo owes no response to the title of section "B" as it contains a legal conclusion.

174.    To the extent the allegations contained in Paragraph 174 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

175.    To the extent the allegations contained in Paragraph 175 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

176.    To the extent the allegations contained in Paragraph 176 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

177.    The allegations in Paragraph 177 of the Complaint are directed toward other defendants/individuals and contain conclusions of law, and as such, no response is required from Dr. Kolongo.

178.    The allegations in Paragraph 178 of the Complaint are directed toward other defendants/individuals and contain conclusions of law, and as such, no response is required from Dr. Kolongo.

179.    The allegations in Paragraph 179 of the Complaint are directed toward other defendants/individuals, and as such, no response is required from Dr. Kolongo.    Should a

response be required, he lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 179.

180.    The allegations in Paragraph 180 of the Complaint are directed toward other defendants/individuals and contain conclusions of law, and as such, no response is required from Dr. Kolongo.

181.    The allegations in Paragraph 181 of the Complaint appear to be directed toward other defendants/individuals and contain conclusions of law, and as such, no response is required from Dr. Kolongo.

182.    The allegations in Paragraph 182 of the Complaint are directed toward other defendants/individuals and contain conclusions of law, and as such, no response is required from Dr. Kolongo.

183.    To the extent the allegations contained in Paragraph 183 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

184.    To the extent the allegations contained in Paragraph 184 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

185.    To the extent the allegations contained in Paragraph 185 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

186.    To the extent the allegations contained in Paragraph 186 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

187.    To the extent the allegations contained in Paragraph 187 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

Dr. Kolongo denies allegations in the title of section "C" directed at him.

188.    To the extent the allegations contained in Paragraph 188 are directed toward Dr. Kolongo, they are denied. To the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

189.    To the extent the allegations contained in Paragraph 189 are directed toward Dr. Kolongo, they are denied. To the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

190.    To the extent the allegations contained in Paragraph 190 are directed toward Dr. Kolongo, they are denied. To the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

191.    To the extent the allegations contained in Paragraph 191 are directed toward Dr. Kolongo, they are denied. To the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

192.    To the extent the allegations contained in Paragraph 192 are directed toward Dr. Kolongo, they are denied. To the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

193.    The allegations in Paragraph 193 of the Complaint appear to be directed toward other defendants/individuals and contain conclusions of law, and as such, no response is required from Dr. Kolongo.

194.    The allegations in Paragraph 194 of the Complaint appear to be directed toward other defendants/individuals and contain conclusions of law, and as such, no response is required from Dr. Kolongo.

195.    The allegations in Paragraph 195 of the Complaint appear to be directed toward other defendants/individuals, and as such, no response is required from Dr. Kolongo.

196.    To the extent the allegations contained in Paragraph 196 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

197.    To the extent the allegations contained in Paragraph 197 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

198.    To the extent the allegations contained in Paragraph 198 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

199.    To the extent the allegations contained in Paragraph 199 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

Dr. Kolongo denies any allegations directed at him as set forth in the title of section "D"

200.    To the extent the allegations contained in Paragraph 200 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

201.    To the extent the allegations contained in Paragraph 201 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

## COUNT 1: STATE LAW CLAIMS – NEGLIGENCE, GROSS NEGLIGENCE, WILFUL/WANTON NEGLIGENCE

202.    Dr. Kolongo incorporates and restates his responses to Paragraphs 1-201 of the Complaint as if set forth fully herein.

203.    To the extent the allegations contained in Paragraph 203 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

204.    To the extent the allegations contained in Paragraph 204 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to

the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

205.     To the extent the allegations contained in Paragraph 205 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

206.     To the extent the allegations contained in Paragraph 206 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

207.     To the extent the allegations contained in Paragraph 207 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations.

208.     To the extent the allegations contained in Paragraph 208 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 208 and denies that he caused or contributed in any way to the injuries, losses and/or damages alleged by the Plaintiff.

209.     To the extent the allegations contained in Paragraph 209 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr.

Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 209 and denies that he caused or contributed in any way to the injuries, losses and/or damages alleged by the Plaintiff.

210.    To the extent the allegations contained in Paragraph 210 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 210 and denies that he caused or contributed in any way to the injuries, losses and/or damages alleged by the Plaintiff.

211.    With regard to the "WHEREFORE" paragraph contained in Paragraph 211 of the Complaint, Dr. Kolongo denies that Plaintiff is entitled to the relief requested and denies that he is indebted to the Plaintiff in any way or for any sum.

## COUNT 2 – DEPRIVATION OF CIVIL RIGHTS – 42 USC §1983 DENIAL, DELAY, AND WITHHOLDING OF MEDICAL CARE

212.    Dr. Kolongo incorporates and restates his responses to Paragraphs 1-212 of the Complaint as if set forth fully herein.

213.    To the extent the allegations contained in Paragraph 213 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

214.    Paragraph 214 of the Complaint states a legal conclusion to which no response is required.

215.    To the extent the allegations contained in Paragraph 215 are directed toward Dr. Kolongo, he denies the allegations. Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

216.    To the extent the allegations contained in Paragraph 216 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

217.    To the extent the allegations contained in Paragraph 217 are directed toward Dr. Kolongo, he denies the allegations. Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

218.    To the extent the allegations contained in Paragraph 218 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

219.    To the extent the allegations contained in Paragraph 219 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 219 and denies that he caused or contributed in any way to the injuries, losses and/or damages alleged by the Plaintiff.

220.    To the extent the allegations contained in Paragraph 220 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr.

Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 220 and denies that he caused or contributed in any way to the injuries, losses and/or damages alleged by the Plaintiff.

221.    To the extent the allegations contained in Paragraph 221 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 221, denies that Plaintiff is entitled to the relief requested, and denies that he is indebted to the Plaintiff in any way or for any sum.

222.    To the extent the allegations contained in Paragraph 222 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 222, denies that Plaintiff is entitled to the relief requested, and denies that he is indebted to the Plaintiff in any way or for any sum.

223.    With regard to the "WHEREFORE" paragraph contained in Paragraph 223 of the Complaint, Dr. Kolongo denies that Plaintiff is entitled to the relief requested and denies that he is indebted to the Plaintiff in any way or for any sum.

## COUNT 3 – DEPRIVATION OF CIVIL RIGHTS – 42 USC §1983
## CONDITIONS OF DETENTION

224.    Dr. Kolongo incorporates and restates his responses to Paragraphs 1-223 of the Complaint as if set forth fully herein.

225.    To the extent the allegations contained in Paragraph 225 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to

the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

226.     The allegations in Paragraph 226 are conclusions of law and thus, no response is required.

227.     The allegations in Paragraph 227 are conclusions of law and thus, no response is required.

228.     To the extent the allegations in Paragraph 228 of the Complaint are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 228.

229.     To the extent the allegations in Paragraph 229 of the Complaint are directed toward other defendants, no response is required from Dr. Kolongo.  With regard to the allegations directed at Dr. Kolongo, he denies the allegations contained in Paragraph 229 and specifically denies that he caused or contributed in any way to the injuries, losses and/or damages alleged by the Plaintiff.

230.     To the extent the allegations in Paragraph 230 of the Complaint are directed toward other defendants, no response is required from Dr. Kolongo.  With regard to the allegations directed at Dr. Kolongo, he denies the allegations contained in Paragraph 230.

231.     To the extent the allegations contained in Paragraph 231 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 231.

232.     To the extent the allegations contained in Paragraph 232 are directed toward Dr. Kolongo, he denies the allegations. Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

233.     To the extent the allegations contained in Paragraph 233 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo.

234.     To the extent the allegations contained in Paragraph 234 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 234 and denies that he caused or contributed in any way to the injuries, losses and/or damages alleged by the Plaintiff.

235.     To the extent the allegations contained in Paragraph 235 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 235 and denies that he caused or contributed in any way to the injuries, losses and/or damages alleged by the Plaintiff.

236.     To the extent the allegations contained in Paragraph 236 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in

Paragraph 236, denies that Plaintiff is entitled to the relief requested, and denies that he is indebted to the Plaintiff in any way or for any sum.

237.    To the extent the allegations contained in Paragraph 237 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 237, denies that Plaintiff is entitled to the relief requested, and denies that he is indebted to the Plaintiff in any way or for any sum.

238.    With regard to the "WHEREFORE" paragraph contained in Paragraph 238 of the Complaint, Dr. Kolongo denies that Plaintiff is entitled to the relief requested and denies that he is indebted to the Plaintiff in any way or for any sum.

## COUNT 4 – DEPRIVATION OF CIVIL RIGHTS – 42 USC §1983
## PHYSICAL ABUSE/EXCESSIVE FORCE

239.    Dr. Kolongo incorporates and restates his responses to Paragraphs 1-238 of the Complaint as if set forth fully herein.

240.    The allegations in Paragraph 240 of the Complaint are directed toward other defendants, and as such, no response is required from Dr. Kolongo.

241.    The allegations in Paragraph 241 of the Complaint are directed toward other defendants, and as such, no response is required from Dr. Kolongo.

242.    The allegations in Paragraph 242 of the Complaint are directed toward other defendants, and as such, no response is required from Dr. Kolongo.

243.    The allegations in Paragraph 243 of the Complaint are directed toward other defendants, and as such, no response is required from Dr. Kolongo.

244.    The allegations in Paragraph 244 of the Complaint are directed toward other defendants, and as such, no response is required from Dr. Kolongo.

245.    The allegations in Paragraph 245 of the Complaint are directed toward other defendants, and as such, no response is required from Dr. Kolongo

246.    The allegations in Paragraph 246 of the Complaint are directed toward other defendants, and as such, no response is required from Dr. Kolongo

247.    The allegations in Paragraph 247 of the Complaint are directed toward other defendants, and as such, no response is required from Dr. Kolongo.

248.    The allegations in Paragraph 248 of the Complaint are directed toward other defendants, and as such, no response is required from Dr. Kolongo

249.    The allegations in Paragraph 249 of the Complaint are directed toward other defendants, and as such, no response is required from Dr. Kolongo

250.    The allegations in Paragraph 250 of the Complaint are directed toward other defendants, and as such, no response is required from Dr. Kolongo.

251.    With regard to the "WHEREFORE" paragraph contained in Paragraph 251 of the Complaint, this is directed toward other defendants, and as such, no response is required from Dr. Kolongo.

## COUNT 5 – DEPRIVATION OF CIVIL RIGHTS – 42 USC §1983
### (All Individual Defendants Except Davis and Boyd)

252.    Dr. Kolongo incorporates and restates his responses to Paragraphs 1-251 of the Complaint as if set forth fully herein.

253.    To the extent the allegations contained in Paragraph 253 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr.

Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 253.

254.    The allegations set forth in Paragraph 254 are legal conclusions to which no response is required.

255.    To the extent the allegations contained in Paragraph 255 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 255 and denies that he caused or contributed in any way to the injuries, losses and/or damages alleged by the Plaintiff.

256.    To the extent the allegations contained in Paragraph 256 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 256, denies that Plaintiff is entitled to the relief requested, and denies that he is indebted to the Plaintiff in any way or for any sum.

257.    To the extent the allegations contained in Paragraph 257 are directed toward Dr. Kolongo, they state legal conclusions to which no response is required.  Further responding, to the extent the allegations are directed toward other defendants, no response is required from Dr. Kolongo. Should a response be required, Dr. Kolongo denies the allegations contained in Paragraph 257, denies that Plaintiff is entitled to the relief requested, and denies that he is indebted to the Plaintiff in any way or for any sum.

258.    With regard to the "WHEREFORE" paragraph contained in Paragraph 258 of the Complaint, Dr. Kolongo denies that Plaintiff is entitled to the relief requested and denies that he is indebted to the Plaintiff in any way or for any sum.

## COUNT 6 – DEPRIVATION OF CIVIL RIGHTS – 42 USC §1983
## SUPERVISORY LIABILITY – DEFENDANT FERGUSON

259.    Dr. Kolongo incorporates and restates his responses to Paragraphs 1-258 of the Complaint as if set forth fully herein.

260.    The allegations in Paragraph 260 of the Complaint are directed toward another defendant, and as such, no response is required from Dr. Kolongo.

261.    The allegations in Paragraph 261 of the Complaint are directed toward another defendant, and as such, no response is required from Dr. Kolongo.

262.    The allegations in Paragraph 262 of the Complaint are directed toward another defendant, and as such, no response is required from Dr. Kolongo.

263.    The allegations in Paragraph 263 of the Complaint are directed toward another defendant, and as such, no response is required from Dr. Kolongo.

264.    The allegations in Paragraph 264 of the Complaint are directed toward another defendant, and as such, no response is required from Dr. Kolongo.

265.    The allegations in Paragraph 265 of the Complaint are directed toward another defendant, and as such, no response is required from Dr. Kolongo.

266.    With regard to the "WHEREFORE" paragraph contained in Paragraph 266 of the Complaint, this is directed toward another defendant, and as such, no response is required from Dr. Kolongo.

267.    All allegations not expressly admitted herein are denied.

268.    Pursuant to Federal Rule of Civil Procedure 8(b)(5), all allegations to which Defendant has asserted that he lacks knowledge or information sufficient to form a belief about the truth of those allegations are to be treated as denied.

## AFFIRMATIVE DEFENSES

1.    Dr. Kolongo denies that he breached the standard of care, or any of the decedent's constitutional, common law, or statutory rights.

2.    Dr. Kolongo denies that the Plaintiff is entitled to a judgment against him in any amount.

3.    Dr. Kolongo denies that denies that he is indebted to the Plaintiff in any amount.

4.    Dr. Kolongo denies that any act or omission on his part was a breach or violation of any duty owed to the Plaintiff or the Plaintiff's decedent.

5.    Dr. Kolongo denies acting with willful or wanton disregard toward the Plaintiff's decedent, and further avers that Plaintiff has failed to state a claim for gross negligence against him.

6.    Dr. Kolongo denies acting with willful or wanton disregard toward the Plaintiff's decedent, and further avers that Plaintiff has failed to state a claim for punitive damages against him.

7.    Dr. Kolongo avers that harm/damages/injuries to Plaintiff's decedent are the result of superseding, intervening causes and/or acts or omissions by third parties.

8.    Dr. Kolongo avers that harm/damages/injuries to Plaintiff's decedent are the result of Mitchell's failure to mitigate.

9.    Plaintiff's state law claims are capped by applicable statute.

10. Dr. Kolongo reserves the right to raise any other affirmative defenses which become known in the course of discovery.

Defendant demands a jury trial on all issues raised in the Complaint so triable.

WHEREFORE, having fully answered the Complaint, Dr. Kolongo respectfully requests that this Court enter judgment in his favor and against Plaintiff.

Respectfully submitted,

**NSEKENENE KOLONGO, M.D.**


_____/s/_____
Edward J. McNelis, III, VSB No. 34003
Grace Morse-McNelis, VSB No. 75957
Christopher F. Quirk, VSB No. 88238
Rawls, McNelis + Mitchell, PC
211 Rocketts Way, Suite 100
Richmond, VA  23231
(804) 344-0038 (phone)
(804) 782-0133 (fax)
emcnelis@rawlsmcnelis.com
gmorsemcnelis@rawlsmcnelis.com
cquirk@rawlsmcnelis.com
*Counsel for Defendants NaphCare, Inc.,*
*Renee Edwards, LCSW, Justin Ray, NP-*
*Psych, Benedict Ngwa, NP, Pam Johnson,*
*RN, Natalya Thomas, RN, HSA, Jalessa*
*Rivers, LPN, Hope Nicholson, MA and*
*Doris Murphy, MSW, and Nsekenene*
*Kolongo, MD*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mark J. Krudys, Esq.
The Krudys Law Firm, PLC
Sun Trust Center
919 East Main Street, Suite 960
Richmond, VA 23219
mkrudys@krudys.com
*Counsel for Plaintiff*

Ryan Furgurson, Esq.
Gregory F. Holland, Esq.
Setliff & Holland, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
rfurguson@setliffholland.com
gholland@setliffholland.com
*Counsel for Defendant Gail Hart*

Jeff W. Rosen, Esq.
Jeffrey A. Hunn, Esq.
Pender & Coward
222 Central Park Ave.
Virginia Beach, VA 23462
jrosen@pendercoward.com
jhunn@pendercoward.com
*Counsel for Defendants Hampton Roads Regional Jail Authority, Hampton Roads
Regional Jail, David Simons, Eugene Taylor, III, Officer Gibbs, Officer Hilliard, Officer
Howard, Officer Keister, Officer Powell, MJO Smith, MJO Johnson, Sgt. T. Phillips, Sgt.
Tamara Everett, Lt. Roderick Madison, Capt. Felicia Cowan*

Nicholas F. Simopoulous, Esq.
Alexander K. Page, Esq.
Office of the Virginia Attorney General
202 North 9th Street
Richmond, VA 23219
Nsimopoulos@oag.state.va.us
Apage@oag.state.va.us
*Counsel for Defendants Lenna Jo Davis and Kelly N. Boyd*

David P. Corrigan, Esq.
Jeremy D. Capps, Esq.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
dcorrigan@hccw.com
jcapps@hccw.com
sfisher@hccw.com
*Counsel for Defendant Debra K. Ferguson*

Mark Richard Colomell, Esq.
William W. Tunner, Esq.
Michael G. Matheson, Esq.
William D. Prince, IV, Esq.
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
mcolombell@t-mlaw.com
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
wprince@t-mlaw.com
*Counsel for Defendants Officer Dale Barnes, Officer Blakely, Officer Bourne, Derrick*
*Brown, Officer Butcher, MJO Dixon, Sgt. William A. Epperson, Officer Whitaker, Sgt.*
*Steven W. Whitehead, and Lt. Reginald Whitehead*


                                                 /s/

Edward J. McNelis, III, VSB No. 34003
Grace Morse-McNelis, VSB No. 75957
Christopher F. Quirk, VSB No. 88238
Rawls, McNelis + Mitchell, PC
211 Rocketts Way, Suite 100
Richmond, VA  23231
(804) 344-0038 (phone)
(804) 782-0133 (fax)
emcnelis@rawlsmcnelis.com
gmorsemcnelis@rawlsmcnelis.com
*Counsel for Defendants NaphCare, Inc., Renee*
*Edwards, LCSW, Justin Ray, NP-Psych, Benedict*
*Ngwa, NP, Pam Johnson, RN, Natalya Thomas, RN,*
*HSA, Jalessa Rivers, LPN, Hope Nicholson, MA*
*and Doris Murphy, MSW, and Nsekenene Kolongo,*
*MD*