IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ROXANNE, ADAMS, administrator of the Estate of JAMYCHEAL M. MITCHELL, Deceased. ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 2:16cv229 |
| NAPHCARE, INC., et al., ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF NATALYA THOMAS'S MOTION TO DISMISS

Defendant Natalya Thomas ("HSA Thomas"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), hereby moves this Court to dismiss Counts I, II, III, and IV of the Complaint (the "Complaint") [ECF No. 1] filed herein by the Estate of Jamycheal M. Mitchell, through its personal representative Roxanne Adams ("Plaintiff") for the following reasons.

### I. INTRODUCTION

Plaintiff's claims against HSA Thomas arises out of the allegedly inadequate medical care that Jamycheal M. Mitchell ("Mr. Mitchell") received at Hampton Roads Regional Jail ("HRRJ") from various medical providers employed by NaphCare, Inc. ("NaphCare") and employees of HRRJ from May 11 to August 19, 2015. Plaintiff requests damages, pursuant to 42 U.S.C § 1983 ("§ 1983") and pendent state negligence claims against various defendants related to the state judiciary, HRRJ, and NaphCare, Inc. Specifically, against HSA Thomas, Plaintiff brings three counts of Fourteenth Amendment violations under § 1983 based upon HSA

1

Thomas's administration of medical services at HRRJ. However, as a threshold matter, the three § 1983 Counts (II, III, and V) all claim that HSA Thomas violated Mr. Mitchell's Fourteenth Amendment rights to adequate medical care or humane conditions.[1] Accordingly, when HSA Thomas moves to dismiss Count II, she moves to dismiss Counts III and V on the same grounds..

Turning to the substantive allegations against HSA Thomas, this Motion addresses Count I[2] and Count II[3] in reverse order. First, Plaintiff has not plausibly established HSA Thomas's deliberate indifference to Mr. Mitchell's serious medical needs at any point during his confinement. Next, HSA Thomas may not be liable for negligence on the basis of her supposed failure to supervise subordinate medical providers. Finally, drawing upon the analysis of the previous two arguments, Plaintiff does not adequately plead that HSA Thomas treated Mr. Mitchell with gross negligence or willful and wanton negligence. For these reasons, as discussed below, HSA Thomas moves this Court to dismiss Counts I, II, III, and V against her. Without further claims against HSA Thomas, the entire Complaint should be dismissed as against her.

---

[1] Count II, under § 1983, claims that HSA Thomas is liable for Fourteenth Amendment violations for cruel and usual punishment for failing to "provide [Mr. Mitchell] necessary medical care . . . ." (Compl. ¶ 216.) On the same constitutional basis, Count III alleges that HSA Thomas "denied Mitchell necessary medical and psychological care." (Compl. ¶ 228.) Likewise, Count V claims that HSA Thomas is liable for "deliberate indifference to Mitchell's circumstances, pleas for help and medical needs." (Compl. ¶ 255.)

[2] "State Law Claims – Negligence, Gross Negligence, Willful and Wanton Negligence."

[3] "Deprivation of Civil Rights – 42 U.S.C §1983 (Denial, Delay, and Withholding Medical Care)."

## II. ALLEGATIONS RELEVANT TO HSA THOMAS[4]

As a pretrial detainee, Jamycheal M. Mitchell ("Mr. Mitchell") was housed in HRRJ for roughly three months until his death on August 19, 2015. (Compl. ¶2.) Prior to arriving at HRRJ, Mr. Mitchell had several psychological disorders, which resulted in the General District Court issuing a pre-trial order that Mr. Mitchell be treated at Eastern State Hospital to "restore his competency." *Id*. However, Mr. Mitchell remained at HRRJ for the duration of his detention, except for when NaphCare medical personnel ordered his treatment at Maryview Hospital ("Maryview") on July 30, 2015 to address swelling around his legs and feet. (Compl. ¶ 81.) After being evaluated at Maryview, Mr. Mitchell returned to HRRJ on July 30, 2015. *Id*. However, despite being evaluated within the past three weeks at Maryview, Mr. Mitchell died on August 19, 2015 from "[p]robable cardiac arrhythmia accompanying wasting syndrome of unknown etiology." (Compl. ¶ 14.)

During this time, Natalya Thomas ("HSA Thomas"), a registered nurse, was working for NaphCare as a Health Services Administrator ("HSA") at HRRJ. (Compl. ¶ 27.) Her job duties included "planning, directing, and coordinating medical and health services at HRRJ." (Compl. ¶ 128.) In a long paragraph, quoted more fully in the Argument section, Plaintiff asserts that HSA Thomas, simply based upon her position, "would have known" or "would have been aware" of a series of general inadequacies with medical care at HRRJ.  Also based upon her position, Plaintiff asserts:

---

[4] Ms. Thomas accepts the Complaint's allegations as true for the purpose of testing their sufficiency under this Motion. She does not concede the Complaint's veracity beyond this limited purpose.

3

> 128. . . . As HSA, Defendant Thomas likely knew about Mitchell's particular circumstances, including physical and mental deterioration, unsanitary living conditions, and distress. As an RN, Thomas would have known of the danger to Mitchell that those conditions presented. However, Thomas in addition to apparently failing to do anything directly to improve Mitchell's situation, failed to facilitate coordination of care and communication among and between mental health and medical providers, failed to audit records and nursing practices, failed to have systems in place to track CROs, failed to have systems in place to effectively monitor segregation inmates, failed to have systems in place to ensures that there was documented showing of medical and mental health stabilization, and otherwise failed to provide for correctional health care systems that would allow access to adequate medical and mental health treatment and monitoring to Mitchell and inmates like him.

(Compl. ¶ 128.)

Based upon these allegations, Plaintiff claims that HSA Thomas was deliberately indifferent and, to varying degrees, negligent in her supervision of NaphCare medical personnel at HRRJ. (Compl. ¶¶ 202-238, 252-55.)

### III.   STANDARD OF REVIEW

In considering this motion, the Court accepts Plaintiff's well-pleaded allegations as true, while viewing the Complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Storey v. Patient First Corp.,* 207 F. Supp. 2d 431, 439-40 (E.D. Va. 2002); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  However, Plaintiff cannot meet her burden to plausibly allege that she is entitled to relief with "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rather, Plaintiff must state facts that rise above conceivability and speculation to show a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Newbrough v. Piedmont Reg'l Jail Auth.*, 822 F. Supp. 2d 558, 571 (E.D. Va. 2011) (quoting *Twombly*, 550 U.S. at 557) ("[A] complaint containing facts that are 'merely consistent with' a defendant's liability 'stops short of the line between possibility and plausibility of entitlement to relief.'") (citations omitted).

## IV. ARGUMENT

### A. Because Plaintiff Fails to Sufficiently Allege that HSA Thomas Acted with Deliberate Indifference, Counts II, III, and V should be Dismissed.

By failing to show that HSA Thomas was ever aware that Mr. Mitchell was in substantial risk of serious harm or that she subjectively appreciated the seriousness of his condition, Plaintiff fails to plausibly allege HSA Thomas's liability under § 1983. *See Farmer v. Brennan*, 511 U.S. 825, 838-39, 844 (1994) (holding that deliberate indifference requires that the defendant both knew of the facts indicating a substantial risk of serious harm and *actually appreciated* that risk); *Young v. City of Mount Rainier*, 238 F.3d 567, 575 (4th Cir. 2001) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). Further, at the Rule 12(b)(6) stage, this Court does not recognize HSA Thomas's job title or duties as a sufficient factual basis for inferring that she actually knew of Mr. Mitchell's serious medical condition. *See Reid v. Newton*, No. 3:13-cv-572, 2014 U.S. Dist. LEXIS 52072, *17, 2014 WL 1493569 (E.D. Va. Apr. 14, 2014) (citing *Walters v. McMahen*, 684 F.3d 435, 440-442 (4th Cir. 2012)) (holding that allegations of a jail supervisor's knowledge of an inmate's medical condition, based upon the supervisor's title and job duties, amounted to "a naked assertion that [the defendant] had actual knowledge of [an inmates serious medical needs].")

Plaintiff never factually demonstrates that HSA Thomas ever realized that Mr. Mitchell was in serious medical need. Rather, Plaintiff speculates that, based on her position alone, HSA Thomas "would have known" about a variety of issues with the care that Mr. Mitchell was receiving. (Compl. ¶ 28.) Specifically, within one robust paragraph, Plaintiff alleges the following:[5]

> 128. As a Health Services Administrator, Defendant Thomas was charged with planning, directing, and coordinating medical and health services at HRRJ.
>
> Defendant Thomas *would have known* that there was not effective coordination of care among providers at HRRJ, including among and between medical and mental health providers.
>
> Defendant Thomas *would have known* that nursing staff was not properly communicating to nurse practitioners/doctors conditions such as non-receipt or "refusal" of medication/otherwise failure to ingest medication; non-receipt or "refusal" of other treatments; mental deterioration; extreme weight loss and physical deterioration; unsanitary conditions; and distress.
>
> Defendant Thomas *would have known that* nurse practitioners, doctors, social workers, and others were not communicating effectively amongst each other.
>
> *As HSA*, Defendant Thomas *would have known* in general that nursing staff was not properly administering medication, was not performing segregation rounds, was not properly developing treatment plans, was not properly taking vital signs, and was not properly documenting, and *would have known* that mental health staff also were not properly assessing and treating Mitchell's mental health condition.
>
> *As HSA*, Defendant Thomas *would have been aware* of widespread documentation failures in Mitchell's chart.
>
> *As HSA*, Defendant Thomas *would have known* that Mitchell was issued a CRO order by the Court, but that it was not being carried out.
>
> *As HSA*, Defendant Thomas should have had a system in place to effectively track CROs/ whether they had been implemented, but did not.

---

[5] This paragraph is reformatted to assist with review.

> *As HSA*, Defendant Thomas *would have known* of the failures of medical and mental health providers to medically and psychologically stabilize mentally ill inmates. Thomas also would have known about the unsanitary conditions that mental health inmates were being forced to endure in segregation.
>
> *As HSA*, Defendant Thomas *likely knew* about Mitchell's particular circumstances, including physical and mental deterioration, unsanitary living conditions, and distress. . . . (emphasis added).

(Compl. ¶ 128.)

In that entire series of allegations, Plaintiff merely describes HSA Thomas's position before speculating about what she knew. Each of those statements about what HSA Thomas "would have known" or "would have been aware of" are hollow legal conclusions that describe what Plaintiff would have to factually demonstrate to survive this Motion. By providing no factual support for these conclusory statements about what HSA Thomas "would have known," beyond describing her position, Plaintiff provides this Court with no factual basis to determine what HSA Thomas actually knew, beyond speculation.

Further, two allegations that directly reference Mr. Mitchell involve HSA Thomas supposedly discovering that Mr. Mitchell was receiving inadequate mental health services and that his CRO was not being carried out. (Compl. ¶ 128.) However, these assertions conflict with other allegations in the Complaint. Specifically, by alleging that the communication among medical providers and record keeping were ineffective, Plaintiff undermines a reasonable inference that HSA Thomas, who is not alleged to have witnessed any of Mr. Mitchell's care, "would have known" intricate details about Mr. Mitchell's treatment or condition. *Id*. Likewise, by alleging that HSA Thomas "failed to have systems in places to track CROs," Plaintiff undermines a reasonable inference that HSA Thomas "would have known that Mitchell was issued a CRO order by the Court, but that it was not being carried out." *Id*.

In sum, the allegations against HSA Thomas fail to establish a plausible claim of deliberate indifference under § 1983. Plaintiff merely speculates about HSA Thomas's knowledge, based on her being "charged with planning, directing, and coordinating medical and health services at HRRJ." Therefore, Counts II, III and IV should be dismissed for failure to state a claim of deliberate indifference to Mr. Mitchell's serious medical needs.

### B.  In Count I, Plaintiff Fails to State a Claim for Negligence against HSA Thomas.

Plaintiff cannot recover for negligence against HSA Thomas based on her supposedly inadequate supervision of subordinate healthcare providers. *Elrod v. Busch Entm't Corp.*, Nos. 4:09-cv-164, 4:09-cv-165, 4:09-cv-166, 2010 U.S. Dist. LEXIS 139988, *19, 2010 WL 5620918, *6-7 (E.D. Va. Dec. 13, 2010) (quoting *Chesapeake and Potomac Tel. Co. of Va. v. Dowdy*, 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988) ("There is no authority in Virginia for a claim of negligent supervision. The Virginia Supreme Court has held, '[i]n Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here.'").[6] In the allegations stated above, Plaintiff bases her theory of recovery against HSA Thomas upon her job duties of "planning, directing, and coordinating medical and health services at HRRJ." (Compl. ¶ 128.) Next, Plaintiff alleges the following breaches by HSA Thomas:

> 128. . . . [HSA] Thomas, in addition to failing to do anything directly to improve Mr. Mitchell's situation, ***failed to facilitate coordination*** of care and communication among and between mental health and medical providers, ***failed to audit records*** and nursing practices, ***failed to have systems*** in place to track CROs, ***failed to have systems in place*** to effectively monitor segregation inmates, ***failed to have systems in place*** to ensure that there was documented showing of medical and mental health stabilization, and otherwise failed to provide for a

---

[6] In *Dowdy*, the Virginia Supreme Court held that this prohibition against a failure to supervise claim extends to managerial personnel. *Dowdy*, 235 Va. 55, 61, 365 S.E.2d 751, 754.

8

> correctional health care system that would allow access to adequate medical and mental health treatment and monitoring to Mitchell and inmates like him. (emphasis added.)

(Compl. ¶ 128.)

Because these allegations amount to a long-form claim of negligent supervision, Count I fails to state a claim of negligence against HSA Thomas as a matter of law. *Elrod*, 2010 U.S. Dist. LEXIS 139988, *21, 2010 WL 5620918 at *6-7 (citations omitted) (dismissing a negligent supervision claim because "[t]his court cannot create a duty to supervise where Virginia courts have not done so . . . [and] not a single Virginia court has ever found a duty to supervise . . . .").

C. **In Count I, Plaintiff does not Allege Facts Showing that HSA Thomas is Plausibly Liable for Gross Negligence or Willful and Wanton Negligence.**

For two reasons, the Complaint fails to state a claim against HSA Thomas for gross negligence or willful and wanton negligence based upon her supervisory conduct. First, Plaintiff fails to allege facts showing that HSA Thomas acted with sufficient disregard for Mr. Mitchell's health to support an inference that she is plausibly liable for either gross negligence or willful or wanton negligence. *See Kuykendall v. Young Life*, 261 Fed. App'x 480, 489 (4th Cir. 2008) (quoting *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 487, 603 S.E.2d 916, 918 (2004) (holding that gross negligence requires that the defendant acted with "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person."); *Id*. ("[W]illful and wanton negligence, involves 'acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, ***with the defendant aware***, from his knowledge of existing circumstances

9

and conditions, *that his conduct probably would cause injury* to another.'") (emphasis added.)

For gross negligence, because Plaintiff alleges no facts showing that HSA Thomas appreciated Mr. Mitchell's condition or the risk to his well-being, Plaintiff cannot plausibly establish that she completely neglected his safety by failing to intervene in his care or otherwise correct supposedly ineffective systems. Likewise, for willful and wanton negligence, HSA Thomas's alleged omissions lack a plausible concurrent mental state of consciously disregarding Mr. Mitchell's well-being and accepting a probability of his injury. Rather, based solely on her job title and description, Plaintiff vaguely concludes that HSA Thomas "was likely aware" of Mr. Mitchell's "physical and mental deterioration, unsanitary living conditions, and distresses." (Compl. ¶ 128.) Without further factual development, this Court cannot reasonably infer that HSA Thomas is plausibly liable for either gross negligence or willful and wanton negligence.

Second, as described in the previous argument, Plaintiff's claim for negligent supervision is not a permissible theory of recovery in Virginia. *Elrod v. Busch Entm't Corp.*, 2010 U.S. Dist. LEXIS 139988 at *19, 2010 WL 5620918 at *6-7 (citing *Dowdy*, 235 Va. 55, 365 S.E.2d at 754). Consequently, without a basis for even simple negligence, Plaintiff's claim for gross or willful and wanton negligence for the same conduct must also fail.

## V. CONCLUSION

WHEREFORE, Defendant Natalya Thomas, RN, HSA, asserts that Plaintiff has failed to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6) and respectfully requests this Court to grant her motion to dismiss Counts I, II, III, and V.

Respectfully submitted,

**NATALYA THOMAS, RN, HSA**

/s/
Edward J. McNelis, III, VSB No. 34003
Grace Morse-McNelis, VSB No. 75957
Christopher F. Quirk, VSB No. 88238
Rawls, McNelis + Mitchell, PC
211 Rocketts Way, Suite 100
Richmond, VA 23231
(804) 344-0038 (phone)
(804) 782-0133 (fax)
emcnelis@rawlsmcnelis.com
gmorsemcnelis@rawlsmcnelis.com
cquirk@rawlsmcnelis.com
*Counsel for Defendants NaphCare, Inc., Renee Edwards, LCSW, Justin Ray, NP-Psych, Benedict Ngwa, NP, Pam Johnson, RN, Natalya Thomas, RN, HSA, Jalessa Rivers, LPN, Hope Nicholson, MA and Doris Murphy, MSW, and Nsekenene Kolongo, MD*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mark J. Krudys, Esq.
The Krudys Law Firm, PLC
Sun Trust Center
919 East Main Street, Suite 960
Richmond, VA 23219
mkrudys@krudys.com
*Counsel for Plaintiff*

Ryan Furgurson, Esq.
Gregory F. Holland, Esq.
Setliff & Holland, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
rfurguson@setliffholland.com
gholland@setliffholland.com
*Counsel for Defendant Gail Hart*

Jeff W. Rosen, Esq.
Jeffrey A. Hunn, Esq.
Pender & Coward
222 Central Park Ave.
Virginia Beach, VA 23462
jrosen@pendercoward.com
jhunn@pendercoward.com
*Counsel for Defendants Hampton Roads Regional Jail Authority, Hampton Roads Regional Jail, David Simons, Eugene Taylor, III, Officer Gibbs, Officer Hilliard, Officer Howard, Officer Keister, Officer Powell, MJO Smith, MJO Johnson, Sgt. T. Phillips, Sgt. Tamara Everett, Lt. Roderick Madison, Capt. Felicia Cowan*

Nicholas F. Simopoulous, Esq.
Alexander K. Page, Esq.
Office of the Virginia Attorney General
202 North 9th Street
Richmond, VA 23219
Nsimopoulos@oag.state.va.us

Apage@oag.state.va.us
*Counsel for Defendants Lenna Jo Davis and Kelly N. Boyd*

David P. Corrigan, Esq.
Jeremy D. Capps, Esq.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
dcorrigan@hccw.com
jcapps@hccw.com
sfisher@hccw.com
*Counsel for Defendant Debra K. Ferguson*

Mark Richard Colomell, Esq.
William W. Tunner, Esq.
Michael G. Matheson, Esq.
William D. Prince, IV, Esq.
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
mcolombell@t-mlaw.com
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
wprince@t-mlaw.com
*Counsel for Defendants Officer Dale Barnes, Officer Blakely, Officer Bourne, Derrick Brown, Officer Butcher, MJO Dixon, Sgt. William A. Epperson, Officer Whitaker, Sgt. Steven W. Whitehead, and Lt. Reginald Whitehead*

                                                  /s/
Edward J. McNelis, III, VSB No. 34003
Grace Morse-McNelis, VSB No. 75957
Christopher F. Quirk, VSB No. 88238
Rawls, McNelis + Mitchell, PC
211 Rocketts Way, Suite 100
Richmond, VA  23231
(804) 344-0038 (phone)
(804) 782-0133 (fax)
emcnelis@rawlsmcnelis.com
gmorsemcnelis@rawlsmcnelis.com
cquirk@rawlsmcnelis.com
*Counsel for Defendants NaphCare, Inc., Renee Edwards, LCSW, Justin Ray, NP-Psych, Benedict Ngwa, NP, Pam Johnson, RN, Natalya Thomas, RN, HSA, Jalessa Rivers, LPN, Hope Nicholson, MA*

13

*and Doris Murphy, MSW, and Nsekenene Kolongo, MD*