UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROXANNE ADAMS, ADMINISTRATOR OF
THE ESTATE OF JAMYCHEAL M. MITCHELL,

    Plaintiff,

v.                           CIVIL ACTION NO. 2:16cv229

NAPHCARE, INC., et al.,

    Defendants.

## MEMORANDUM ORDER

This matter comes before the court on the Plaintiff's "Time-Sensitive Motion to Respond to, and Prevent, Retaliation by Jail Personnel Against Inmate Witnesses" ("Motion"), and accompanying Memorandum in Support, filed on June 21, 2016. ECF Nos. 17, 18. On June 24, 2016, Defendant David L. Simons ("Simons") filed a Response, ECF No. 25, and on the same day, the Plaintiff filed her Reply. ECF No. 26. The Plaintiff filed a Notice of Additional Information on June 27, 2016, ECF No. 27, as well as a Second Notice of Additional Information on June 30, 2016. ECF No. 34.

On July 5, 2016, this court referred the above Motion to United States Magistrate Judge Lawrence R. Leonard, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the

undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion. ECF No. 39.

Having conducted hearings on the Motion on July 13, 2016, and July 22, 2016, see ECF Nos. 50, 58, the Magistrate Judge filed the Report and Recommendation ("R&R") on July 25, 2016. ECF No. 57. The Magistrate Judge recommended denying the Plaintiff's Motion. R&R at 32. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. See id. at 32-33. On August 8, 2016, the Plaintiff filed her Objections to the R&R, ECF No. 94, and on August 22, 2016, Defendant Simons filed his Reply. ECF No. 118.

## I. LEGAL STANDARDS

### A. Injunctive Relief

The Plaintiff's Motion seeks prospective injunctive relief in the form of this court's intervention with a state-operated jail. See Mot. at 8.[1] "Such intrusion should not occur 'absent the most extraordinary circumstances.'" R&R at 25 (citing Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1995)). The Magistrate

---

[1] While the Plaintiff labeled her requested relief as that of a "protective order," Mem. Supp. at 5, the Magistrate Judge found, and this court agrees, that the prospective injunctive relief requested by the Plaintiff comes in the form of a preliminary injunction. R&R at 21. The Plaintiff did not object to this conclusion.

2

Judge determined, and this court agrees, that a preliminary injunction standard applies here. Id. at 22-24.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). In considering a preliminary injunction, "courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" Id. (quoting Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987)). Furthermore, courts "should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Id. (quoting Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982)). Overall, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20; see also Centro Tepeyac v. Montgomery Cty., 722 F.3d 184, 188 (4th Cir. 2013).

## B. Review of Magistrate Judge's R&R

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions

of the R&R to which the Plaintiff has specifically objected. Fed. R. Civ. P. 72(b).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## II. PLAINTIFF'S OBJECTIONS

The Plaintiff lists fifteen (15) different objections to the R&R. Before ruling on the R&R, the court will examine each in turn.

### Objection 1

The Plaintiff's first objection is that the Magistrate Judge was incorrect in finding that inmate witness complaints were unrelated to the present litigation. Obj. at 2-5. The Magistrate Judge found, and the court agrees, that the inmate witnesses received discipline unrelated to the present litigation. See R&R at 27. The Plaintiff asserts that the Magistrate Judge "disregarded the inmate witnesses' contentions of threats and abuse." Obj. at 3. This assertion is not correct. Rather, the Magistrate Judge concluded that the Plaintiff's evidence was not sufficient to warrant the extraordinary remedy of injunctive intervention by this court at this juncture.

### Objection 2

The Plaintiff's second objection states that Defendant Simons's cross-examination used impermissible character evidence

under Federal Rule of Evidence 404(a), and that this impermissibly admitted character evidence was reflected in the R&R, which "repeatedly underscored 'disciplinary' and 'prison policy violations' allegedly committed by the inmate witnesses." Obj. at 5-6.

Federal Rule of Evidence 404(a)(1) states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). In the hearings, the Plaintiff raised objections under this Rule, which the Magistrate Judge overruled. See Tr. of July 13, 2016, at 69-71, 194.

When reviewing a magistrate judge's evidentiary ruling, the district court applies an abuse of discretion standard. Virgin Enters. Ltd. v. Virgin Cuts, Inc., 149 F. Supp. 2d 220, 226 (E.D. Va. 2000) (citing Benedi v. McNeil—P.P.C., Inc., 66 F.3d 1378, 1383 (4th Cir. 1995)). Under this standard, an evidentiary ruling will be overturned, only if it is arbitrary and irrational. Noel v. Artson, 641 F.3d 580, 591 (4th Cir. 2011).

The court finds that the Magistrate Judge was neither arbitrary nor irrational in these evidentiary rulings. As the Magistrate Judge explained, these rulings were based on the understanding that the evidence was not being admitted for the improper purpose of showing conformity with bad character, but

5

rather to help determine whether the inmate witnesses were facing discipline due to retaliation, or instead due to an "appropriate law enforcement response to disruptive behavior." Tr. of July 13, 2016, at 71. Indeed, at the second hearing, the Magistrate Judge stated that "the Court's going to look at [the evidence] as explanations for why certain actions were taken by the jail with respect to those inmates." Tr. of July 22, 2016, at 6. Evidence admitted for this purpose is highly relevant to the present matter, as the only way for a jail to rebut an inmate's retaliation claim is by showing that the motive for some action was not retaliation, but legitimate discipline.

Moreover, the court does not find that the R&R's conclusions rest on improper character evidence, and the court, reviewing the matter de novo, does not base its own conclusions on such evidence.

### Objection 3

The Plaintiff's third objection states that the R&R did not note a material amount of evidence, including important inmate testimony, and that it did not consider this evidence. Obj. at 7, 8. However, "[c]ourts are not required to identify every piece of evidence they consider in making a decision." Newport News Holdings Corp. v. Virtual City Vision, 650 F.3d 423, 434 n.7 (4th Cir. 2010). Moreover, just because the R&R does not

cite a particular piece of evidence, it does not mean that the Magistrate Judge did not consider it.

## Objection 4

The Plaintiff's fourth objection states that she was not afforded the same opportunity as Defendant Simons to pursue questioning of opposing witnesses. Obj. at 8. Specifically, the Plaintiff cites a point in the first hearing, where the Magistrate Judge sustained an objection that the Plaintiff's inquiry into the Complaint's allegations against a defendant witness, Officer William A. Epperson, was beyond the scope of the hearing. Id. (citing Tr. of July 13, 2016, at 175-76).

After reviewing the transcripts of both hearings, the court finds no error in the Magistrate Judge's evidentiary rulings, and no such disparity in the parties' opportunity to examine witnesses. At the specific point cited in the first hearing, the Magistrate Judge explained fully why the Plaintiff would not be permitted that particular line of questioning: "I'm not going to hear the allegations of alleged misconduct based on the complaints. That is not what this hearing is about. It is clear [Epperson] is a defendant." Tr. of July 13, 2016, at 176. Thus, instead of being denied the ability to question motivation, the Plaintiff was simply not permitted to continue a line of questioning beyond the scope of the hearings.

### Objection 5

The Plaintiff's fifth objection states that "[t]he R&R disregards challenges made to Defendant Simons's evidence." Obj. at 9. Once again, the R&R did not have to cite every piece of evidence, see Newport News Holdings Corp., 650 F.3d at 434 n.7, and the court finds no reason to believe the Magistrate Judge did not consider the evidence cited in this objection.

### Objection 6

The Plaintiff's sixth objection states that the Magistrate Judge was inconsistent in treating hearsay evidence, and that "the Court simply accepted the assurance of Simons's lawyer that there was no need to be concerned for the safety of the inmate witnesses, or by extension, the sanctity of the evidence in [this] litigation." Obj. at 11. The court finds no disparate treatment of evidence, and no blind acceptance of statements made by counsel. To the contrary, the Magistrate Judge expressed concern over the inmates' allegations and over justifications presented by Defendant Simons. See R&R at 29.

### Objection 7

The Plaintiff's seventh objection states that the Magistrate Judge's concerns over the inmates' allegations and over justifications presented by Defendant Simons "are inconsistent with [his] finding that 'Plaintiff has failed to establish that the inmate witnesses' allegations give rise to a

8

reasonable fear of retaliation or other misconduct.'" Obj. at 13.

There is no inconsistency in expressing concern over the allegations, while simultaneously finding that they are not sufficiently convincing to warrant the extraordinary remedy of injunctive intervention by this court at this juncture.

### Objection 8

The Plaintiff's eighth objection states that the court has "adopted the wrong priority," in that it "has favored a desire to not intrude on the detention of inmates over the sanctity of evidence in this matter." Obj. at 15. It also repeats several arguments for relief. Id. at 15-16.

The finding that the requested relief is unwarranted does not mean that the Magistrate Judge adopted the wrong priority. Contrary to the Plaintiff's contentions, the Magistrate Judge had the right priority of weighing the evidence in light of the extraordinary circumstances required for injunctive relief, especially when that relief would entail intervention in the affairs of a jail outside the federal system. See R&R at 25 (citing Taylor, 34 F.3d at 269-70).[2] Furthermore, to the extent

---

[2] The Plaintiff asserts several distinctions between the present case and Taylor. See Obj. at 15-16. However, such distinctions do not undermine the Magistrate Judge's reliance on Taylor's general instruction to "consider the 'bedrock principles' of comity and federalism before intervening into the

this objection merely disagrees with the Magistrate Judge's
conclusion that relief is not warranted based on the evidence,
the court's ruling herein resolves that issue. Having reviewed
this matter de novo, the court agrees with the Magistrate Judge
here.

### Objection 9

The Plaintiff's ninth objection states that "[t]he Court's
characterization of the subject circumstances as a
'not-uncommon' jail inmate claim is not an apt
characterization." Obj. at 17 (citing R&R at 16). Overall, the
objection seems to reflect a concern that the Magistrate Judge
does not adequately recognize the degree to which this case
differs from others involving alleged retaliation against
inmates. See id.

The R&R's characterization does not reflect inadequate
consideration of this case, but merely places it within a class
of cases involving allegations of retaliation against inmates.

### Objection 10

The Plaintiff's tenth objection states that "[t]he Court
concludes that Court-intervention in matters like this is rarely
appropriate, but fails to recognize that efforts to obtain a
non-judicial resolution have been attempted by the Plaintiff,

---

state function of prison administration." R&R at 25 (citing
Taylor, 34 F.3d at 269-70).

but ignored by Defendant Simons." Obj. at 17. The Plaintiff further states that the Magistrate Judge was incorrect to conclude that certain relief sought in the Motion, such as "federal court-ordered transfers of prisoners, court-ordered staffing of prison pods, and court-ordered guardian appointments to monitor the well-being of prisoners in state facilities[,] is likely beyond this Court's equitable authority under the present circumstances." Id. (quoting R&R at 24). The Plaintiff also recites case law to argue that federal courts do indeed have the power to order such relief. Id. at 17-21.

First, the court is well aware of the Plaintiff's efforts to attain relief before filing the Motion. See, e.g., Mot. at 2 ("In a series of letters and phone calls with counsel for Defendant HRRJ Superintendent Simons, counsel for Plaintiff sought to obtain protection for the still incarcerated inmates/detainees who are prospective witnesses in this case."). The Plaintiff's attempts at a non-judicial resolution are not relevant to the present issue of judicial resolution of this matter through prospective injunctive relief. Second, contrary to the Plaintiff's contention, the R&R did not state that the relief sought is beyond the court's equitable power. Rather, the R&R stated that such relief is not available "under the present circumstances," and "based on the evidence presented." R&R at 24, 29 (emphasis added).

11

**Objection 11**

The Plaintiff's eleventh objection states that "[p]rotection of inmate witnesses from coercion in the underlying litigation is not 'overreaching,' but necessary to protect the legitimacy and sanctity of the underlying proceedings." Obj. at 21. This statement merely expresses disagreement with the R&R's conclusion that injunctive relief is not warranted.

**Objection 12**

The Plaintiff's twelfth objection states that "[t]aking the depositions of the inmate witnesses does not extinguish concerns" over retaliation, and that the Magistrate Judge's conclusion to the contrary is in error. Obj. at 22. This objection again misconstrues the R&R, which states that "the evidence also failed to establish that the Court's fact-finding may be materially impaired unless there is provided the tangible protection of a suitable court order," and that "[a]ll [inmate witnesses] are able to provide deposition testimony as soon as discovery begins." R&R at 28. This statement does not, as the Plaintiff's objection contends, show endorsement of a view that taking depositions somehow alleviates the risk of retaliation. Instead, it gives a reason why the Plaintiff has not established that the court's fact-finding will be impaired. If retaliation does occur, it will be of record, at minimum, through

depositions. Moreover, the Plaintiff, or those retaliated against, retain the ability to file emergency motions with the court to remedy the matter, if additional, sufficient evidence exists. At this juncture, the evidence of retaliation was insufficient for the extraordinary remedy of prospective injunctive relief.

## Objection 13

The Plaintiff's thirteenth objection states that all of the above objections had a material impact on the R&R, given that the R&R suggests the matter was a "very close call." Obj. at 22. Specifically, from the R&R's statement that "the truth lies somewhere between" the opposing positions, the R&R's use of the transition word "[h]owever" in making its recommendation, and the R&R's comment that "there is a fair grey area between retaliatory conduct and routine inmate discipline," the Plaintiff infers that there was a "narrow margin" between the opposing evidence in this matter, and that the court should therefore err on the side of protecting the underlying proceedings by issuing the requested relief. Id. at 22-23 (citing R&R at 2, 28).

Nowhere in the R&R does the Magistrate Judge indicate this matter to be a "very close call." Rather, the R&R acknowledges that the Plaintiff presented evidence favorable to her position. The R&R's recognition that "the truth lies somewhere between"

13

the narratives presented by each side does nothing to indicate how close the Plaintiff came to warranting the extraordinary remedy of injunctive relief. With that in mind, the objections do not tip the scales in favor of the Plaintiff at this juncture.

### Objection 14

The Plaintiff's fourteenth objection further argues for granting her requested relief for two of the inmate witnesses, stating that "[t]he continuation of threats and abuse . . . indicates the breadth of the CO threats; continuation of the status quo is not appropriate; this Court must intercede and prescribe actions that eliminate the threats." Obj. at 23. For support, the objection restates evidence taken in the hearings conducted by the Magistrate Judge. See id. at 23-24. This assertion is merely further argument on the merits, which were thoroughly considered and addressed by the Magistrate Judge.

### Objection 15

The Plaintiff's fifteenth and final objection argues that "[t]he Court's suggestion that this matter may be effectively revisited is unlikely." Obj. at 24. The Plaintiff states that the "instant motion presents a 'one and only' opportunity to effectively address this matter before key evidence is lost," and that "the sanctity of the rule of law in protecting these witnesses must be given a higher priority than any fear of

14

minimally stepping on the toes of regional jail administrators."
Id. at 25.

The court disagrees. Should substantial evidence of threats
and retaliation arise in the future, there are remedies
available for the Plaintiff and the inmates themselves. The
R&R's finding that the present evidence is insufficient to
warrant injunctive relief does not foreclose such future
remedies.

### III. CONCLUSION

The court, having examined the Objections to the R&R filed
by the Plaintiff, and having made de novo findings with respect
thereto, does hereby **OVERRULE** the Objections, **ADOPT AND APPROVE
IN FULL** the findings and recommendations set forth in the R&R of
the United States Magistrate Judge filed on July 25, 2016, ECF
No. 57, and **DENY** the Plaintiff's Motion filed on June 21, 2016.
ECF No. 17.

The Clerk is **DIRECTED** to send a copy of this Memorandum
Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

September 6 , 2016

15