UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JAN 1 9 2017

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ROXANNE ADAMS, ADMINISTRATOR OF
THE ESTATE OF JAMYCHEAL M. MITCHELL,

     Plaintiff,

v.                           CIVIL ACTION NO. 2:16cv229

NAPHCARE, INC., et al.,

     Defendants.

<u>MEMORANDUM ORDER</u>

This matter comes before the court on the Motion to Dismiss ("Motion") and Memorandum in Support filed by Defendant Gail Hart ("Hart") on June 8, 2016. ECF Nos. 10, 11. The Plaintiff filed a Memorandum in Opposition on June 22, 2016, ECF No. 22, and Hart filed a Reply on June 28, 2016, ECF No. 28, as well as a Request for Hearing on June 28, 2016. ECF No. 29.

On July 5, 2016, this court referred the Motion to United States Magistrate Judge Lawrence R. Leonard, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion. ECF No. 38.

Having conducted a hearing regarding the Motion on October 19, 2016, see ECF No. 139, the Magistrate Judge filed

the Report and Recommendation ("R&R") on December 19, 2016. ECF No. 147. The Magistrate Judge recommended denying the Motion. R&R at 1. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. See id. at 17-18. On December 30, 2016, Hart filed an Objection to the R&R, ECF No. 148, and on January 6, 2017, the Plaintiff filed a Reply. ECF No. 149.

## I. LEGAL STANDARD

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which a party has specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

This action was brought by the Plaintiff in her capacity as the administrator of the estate of Jamycheal Mitchell ("Mitchell"), who died as a pretrial detainee in the Hampton Roads Regional Jail ("HRRJ"). Compl. ¶¶ 1, 20. Relevant here, the Complaint alleges that Hart, as an admissions employee of Eastern State Hospital, failed to process a competency

2

restraining order ("CRO") issued by a state court that required Mitchell's immediate transfer from the HRRJ to Eastern State Hospital for mental health treatment. See id. ¶¶ 2, 84. The Complaint further alleges that, as a result of Hart's failure to process the CRO, Mitchell died. Id. ¶¶ 200, 208, 220, 255.

In the Motion to Dismiss, Hart alleges, inter alia, that the Plaintiff has not sufficiently pled proximate cause for maintaining this action against Hart. Mot. at 1; Mem. Supp. at 4-5. In the R&R, the Magistrate Judge disagrees, concluding the following:

> Plaintiff has plausibly alleged that Hart's conduct in preventing a mentally ill pretrial detainee from being transferred out of a jail, where, because of his medical and mental disabilities, he did not receive necessary and proper treatment, to a mental hospital where he would have received such treatment, led to Mitchell's death.

R&R at 12-13. In the Objection to the R&R, Hart contests this finding of proximate cause. Obj. at 1. Specifically, Hart notes that, under the applicable law of Virginia, "a defendant is not liable for casualties which, though possible, were 'wholly improbable,'" and that "'[a] party is not charged with foreseeing that which could not be expected to happen.'" Id. (quoting Interim Pers. of Cent. Va., Inc. v. Messer, 263 Va. 435, 442 (2002)). Hart then states that "Hart could not possibly have anticipated" the "intentional and/or willful and wanton acts" of other defendants, "or Mitchell's subsequent death," id.

at 1, and that "[t]here is simply no logical connection between the administrative error allegedly committed by Hart, and Mitchell's death several months later." Id. at 2.

Having reviewed the matter de novo, the court agrees with the Magistrate Judge's finding on proximate cause. Contrary to Hart's assertion, it is not wholly improbable that a detainee, when kept in a jail despite a court order for his immediate transfer to receive necessary, in-patient mental health treatment, might die as a result of not receiving such treatment. Moreover, the fact that the conduct of other actors might have also caused Mitchell's death does not warrant dismissal of the action at this juncture against Hart. As the Magistrate Judge noted, "there can be more than one proximate cause of an injury." R&R at 7 (citing Harman v. Honeywell Int'l, Inc., 758 S.E.2d 515, 526 (Va. 2014)). Furthermore, the court agrees with the Magistrate Judge's conclusion that "[o]ther defendants' actions in denying Mitchell medication, food, and water at HRRJ may not 'so entirely supersede the operation of the defendant's negligence'" as to warrant dismissal due to intervening, superseding acts. Id. at 15 (quoting Jenkins v. Payne, 465 S.E.2d 795, 799 (Va. 1996)). Accordingly, the Plaintiff has plausibly alleged that Hart's conduct was a proximate cause of Mitchell's death, and Hart's Objection is hereby **OVERRULED**.

### III. CONCLUSION

The court, having examined the Objection to the R&R filed by Hart, and having made de novo findings with respect thereto, does hereby **OVERRULE** the Objection, **ADOPT AND APPROVE IN FULL** the findings and recommendations set forth in the R&R of the United States Magistrate Judge filed on December 19, 2016, ECF No. 147, and **DENY** the Plaintiff's Motion filed on June 8, 2016. ECF No. 10.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

January 19 , 2017