UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROXANNE ADAMS, ADMINISTRATOR OF
THE ESTATE OF JAMYCHEAL M. MITCHELL,

     Plaintiff,

v.                         CIVIL ACTION NO. 2:16cv229

NAPHCARE, INC., et al.,

     Defendants.

## MEMORANDUM ORDER

This matter comes before the court on the Motion to Dismiss ("Motion") and Memorandum in Support filed by Defendant Natalya Thomas ("Thomas") on August 15, 2016. ECF Nos. 109, 110. The Plaintiff filed a Response on September 12, 2016, ECF No. 129, and on September 30, 2016, Thomas filed a Reply. ECF No. 135.

On October 3, 2016, this court referred the Motion to United States Magistrate Judge Lawrence R. Leonard, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned District Judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion. ECF No. 137.

Having conducted a hearing regarding the Motion on October 19, 2016, ECF No. 139, the Magistrate Judge filed the

Report and Recommendation ("R&R") on February 22, 2017. ECF No. 164. The Magistrate Judge recommended denying the Motion. R&R at 1. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. See id. at 17-18. On March 8, 2017, Thomas filed Objections to the R&R. ECF No. 168. On March 20, 2017, the Plaintiff filed a Response to the Objections. ECF No. 170. The matter has been fully briefed and is ripe for review.

## I.

This action was brought by the Plaintiff in her capacity as the administrator of the estate of Jamycheal Mitchell ("Mitchell"), who died as a pretrial detainee in the Hampton Roads Regional Jail ("HRRJ"). Compl. ¶¶ 1, 20. During Mitchell's period of pretrial detention, Defendant Thomas was "a licensed registered nurse and the Health Services Administrator at HRRJ," employed by Defendant NaphCare, Inc. ("NaphCare"). Id. ¶ 27. Under a contract with HRRJ, NaphCare provided on-site medical services to the HRRJ inmates, including Mitchell, and supervised, directed, and controlled health care personnel at the jail. Id. ¶ 21. Throughout the Complaint, Defendant Thomas and other Defendants who worked for NaphCare are collectively referred to as the "NaphCare Defendants." Id. ¶ 32. The Complaint alleges the following claims against Defendant Thomas

in particular: negligence, gross negligence, and willful and wanton negligence under Virginia law (Count One), id. ¶¶ 202-211; deprivation of civil rights through the denial, delay, and withholding of medical care, under 42 U.S.C. § 1983 (Count Two), id. ¶¶ 212-223; deprivation of civil rights due to conditions of detention, under 42 U.S.C. § 1983 (Count Three), id. ¶¶ 224-238; and a general deprivation of civil rights, under 42 U.S.C. § 1983 (Count Five), id. ¶¶ 252-258.

In the instant Motion, filed pursuant to Federal Rule of Civil Procedure 12(b)(6), Thomas seeks dismissal of the aforementioned claims due to the Plaintiff's failure to state a claim upon which relief can be granted. See Mot. at 1. The Magistrate Judge, accepting the facts as alleged in the Plaintiff's Complaint as true, found that the Plaintiff has sufficiently stated these claims against Thomas, and recommended denying the Motion. See R&R at 13-17.

## II.

Pursuant Federal Rule of Civil Procedure 72(b), the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which a party has specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

The Supreme Court has offered the following guidance to courts evaluating a motion to dismiss:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be

4

> supported by factual allegations. When there are
> well-pleaded factual allegations, a court should
> assume their veracity and then determine whether they
> plausibly give rise to an entitlement to relief.

Id. at 679. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. See, e.g., Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). After doing so, the court should not grant the defendant's motion if the plaintiff "demonstrate[s] more than 'a sheer possibility'" that the defendant has violated his rights, by "articulat[ing] facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief . . . ." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (as only quoting "a sheer possibility").

### III.

Thomas has submitted four (4) Objections to the R&R.[1] ECF No. 168. Having reviewed the record in its entirety, the court herein makes a de novo determination of those portions of the R&R to which a party has specifically objected. Fed. R. Civ. P. 72(b). The court will address each of the Objections in turn.

---

[1] Although Thomas objected to the R&R for "three reasons," Thomas divided the third reason, regarding the various degrees of negligence claims against her, into two parts, and the court addresses them separately. See Objs. at 4-5; infra Parts III.C, D.

## A. First Objection

In the First Objection, Thomas argues that Counts Three and Five are duplicative of Count Two, constituting "the same cause of action arising out of the same set of facts labelled by three different names," and that "claims that are . . . essentially the same cause of action against the same defendant are duplicative and should be dismissed." Objs. at 5 (citing Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004)). Specifically, Thomas asserts that the claim in Count Three, alleging unconstitutional conditions of confinement, is "substantively the same" as the claim in Count Two, alleging unconstitutionally deliberate indifference to a serious medical need. Id. at 6. Thomas further asserts that the Magistrate Judge misconstrued applicable law, in particular Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992), and that, because "the standard to show a violation under the Fourteenth Amendment for medical care that amounts to an unconstitutional condition of confinement (Count [Three]) is the same as the standard for the failure to provide medical care under the Eight[h] Amendment (Count [Two])," the court should dismiss Count Three as "duplicative" of Count Two. Id. at 7-8. Moreover, Thomas argues that because Count Five "cannot be construed as more than a restatement of Plaintiff's deliberate indifference claim in Count [Two]," it should also be dismissed. See id. at 8-9.

6

In response, the Plaintiff argues that Thomas lacks legal support for the proposition of duplicative counts, see Pl.'s Resp. to Objs. at 2, and that the Magistrate Judge was correct in observing that Thomas "failed to cite any authority for the proposition that a claim which overlaps another should be dismissed solely on th[is] ground, or for the proposition that counts which seek duplicative relief are appropriately dismissed at the Rule 12(b)(6) stage." Id. at 8 (quoting R&R at 17) (alteration to match language in R&R). The Plaintiff further argues that the cases cited by Thomas are "inapposite," because they "concern the implication of suing a public official in his/her official capacity," not the instant matter, id. at 13, and that  the language of Thomas's objection "concedes that a failure to provide medical care claim is different from a conditions-of-confinement/detention claim." Id. at 14.

The court agrees with the Plaintiff, and the Magistrate Judge was correct in recommending not to dismiss claims based on Thomas's argument that the claims are "duplicative." Counts Two, Three, and Five present different claims, and the standard of proof for each claim, shared or not, does not make the claims themselves the same. Thomas does not provide any legal support for her argument to the contrary, and the court agrees with the Plaintiff that the cases Thomas provided are inapposite. In Love-Lane, the Fourth Circuit recognized that a § 1983 claim

brought against a public official in an official capacity is essentially the same as a claim against the public entity itself. Love-Lane, 355 F.3d at 783 (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)). This principle has no bearing on Thomas's argument here that Counts Two, Three, and Five are substantively the same, and Thomas has not otherwise demonstrated that they are substantively the same. Accordingly, the First Objection is **OVERRULED**.

### B. Second Objection

In the Second Objection, Thomas argues that the Plaintiff has not plausibly alleged in Count Two that Thomas had actual knowledge of Mitchell's serious medical needs. See Objs. at 9-10. Specifically, Thomas argues that "[t]he [c]ourt cannot infer from a job title and description of responsibilities" that she had such knowledge. Id. at 10 (citing Reid v. Newton, No. 3:13cv572, 2014 WL 1493569, at *6 (E.D. Va. Apr. 14, 2014). In response, the Plaintiff argues that the "specific allegations of actual behavior" by Thomas go "well beyond a job title or job responsibilities," Pl.'s Resp. to Objs. at 17, and that the Magistrate Judge was correct to distinguish the instant case from Reid. See id. at 14-19.

The Magistrate Judge was correct to find that that the Complaint plausibly alleges Thomas's knowledge of Mitchell's condition. In the R&R, the Magistrate Judge noted that "Thomas

8

served on a committee tasked with monitoring and evaluating the care provided to inmates," and that "[t]he Complaint is replete with allegations of Mitchell's serious medical needs which manifested themselves in noticeable ways." R&R at 14-15. In Reid, the court held that a jail superintendent's "job title alone is insufficient to raise the allegation of actual knowledge above the speculative level." Reid, 2014 WL 1493569 at *6 (emphasis added). Thomas's job is different from a jail superintendent, but, more importantly, the Plaintiff does not allege that Thomas had knowledge by virtue of her job title alone. As the Magistrate Judge explained:

> Thomas' knowledge is alleged to have come from more than just her job title. Her role on the quality assurance committee charged her with actually knowing the care the inmate population, including Mitchell, received . . . . Moreover, Plaintiff alleged eight examples of information she would have known given her role as Health Services Administrator.

R&R at 15 n.1 (citing Compl. ¶ 128).

Given the Plaintiff's specific allegations that Thomas knew of Mitchell's condition through her conduct, rather than through her job title alone, the instant Complaint differs from the allegations in Reid. At this stage of the proceeding, accepting the Plaintiff's facts as alleged in the Complaint as true, the Plaintiff has raised a reasonable inference that Thomas knew of Mitchell's serious medical needs. Accordingly, the Second Objection is **OVERRULED**.

## C. Third Objection

In the Third Objection, Thomas argues that the Plaintiff's claim of simple negligence in Count One is based on an alleged breach of Thomas's duty to supervise, which is not a recognized duty under Virginia law, and that the claim, therefore, should be dismissed. See Objs. at 12-14 (citing Keck v. Commonwealth, No. 3:10cv555, 2011 WL 4589997, at *21 (E.D. Va. Sep. 9, 2011)). Although Thomas notes that she "owes a reasonable duty of care to all people, including Mitchell," Thomas asserts that the Magistrate Judge characterized her duty as seeing that someone else, but not Thomas herself, provided Mitchell with care. Id. at 13-14. Because this "defines the duty at issue in this claim as a duty to supervise," Thomas argues, the Plaintiff's claim of simple negligence should be dismissed. Id. at 14.

In response, the Plaintiff states that "[t]he Magistrate Judge properly rejected Defendant Thomas's assertion that Count [One] asserts a negligent supervision claim," because the Complaint "makes allegations regarding Thomas's own, independent duties and actions." Pl.'s Resp. to Objs. at 19. For support, the Plaintiff notes the Magistrate Judge's reliance on Thomas's service on a special HRRJ committee, for which her tasks included monitoring, evaluating, and improving inmate care. See id. at 19-20 (citing R&R at 13). The Plaintiff argues that, through this committee, Thomas had an independent "duty and

opportunity" to affect the jail's medical care, not through supervising others, "but by independently acting as an administrator." Id. at 20. Overall, the Plaintiff asserts that because the claim of negligence addresses Thomas's own failures, the claim of negligence should not be dismissed.

The Magistrate Judge was correct in recommending not to dismiss the claim of negligence against Thomas, based on an argument that it constitutes a claim of negligent supervision. At a threshold level, Thomas is mistaken to assert that "Virginia forbids the cause of action for negligent supervision of subordinate employees." Objs. at 13. In a case relied upon by Thomas, see id. at 13, the Virginia Supreme Court held that "there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here." Chesapeake & Potomac Tel. Co. of Va. v. Dowdy, 235 Va. 55, 61 (1988) (emphasis added).[2] In so holding, the Virginia Supreme Court did not foreclose the possibility of a claim for negligent supervision, but, rather, foreclosed such a claim under those circumstances. Dowdy's ruling was thereby limited, and while the Virginia Supreme Court

---

[2] In the Memorandum in Support, Thomas recited this language from Dowdy in full. See Mem. Supp. at 8. In the Reply, Thomas also recited this language, but omitted the language "under these circumstances and we will not create one here." See Reply at 8-9. In the Objections, Thomas did not recite any of this language from Dowdy when relying upon it for the present argument.

"has not yet recognized a cause of action for negligent supervision," it has also not "completely ruled out such a cause of action under Virginia law." Hernandez v. Lowe's Home Ctrs., Inc., 83 Va. Cir. 210, 2011 WL 8964944, at *5 (Va. Cir. Ct. 2011) (allowing a claim for negligent supervision to survive a demurrer based on facts distinguishable from Dowdy); see Parker v. Wendy's Intern., Inc., 41 F. Supp. 3d 487, 492 (E.D. Va. 2014). Accordingly, Thomas's statement that Virginia forbids claims of negligent supervision does not reflect the present state of Virginia law.

Regardless, the Plaintiff's claim of negligence does not rely on a theory of negligent supervision. As the Magistrate Judge explained, the Plaintiff "plausibly asserts that Thomas owed a duty to Mitchell to see that he was provided quality and appropriate medical care," and the Complaint "permits the plausible inference that Thomas was familiar with the care provided to each inmate at HRRJ, since it was part of her job to evaluate that very thing." R&R at 13. The court agrees with the Magistrate Judge. Accordingly, the Third Objection is OVERRULED.

### D. Fourth Objection

In the Fourth Objection, Thomas argues that Magistrate Judge erred in finding that the Plaintiff has plausibly alleged claims of gross negligence, and willful and wanton negligence, against Thomas under Virginia law. See Objs. at 15. Thomas bases

her argument on "two reasons already discussed" in the Objections, the first being the plausibility of Thomas's knowledge of Mitchell's serious medical needs, and the second being the Plaintiff's supposed reliance on a theory of negligent supervision. See id. The court has already resolved these arguments in favor of the Plaintiff. See supra Parts III.B, C. Thomas does not provide other reasons to object the Magistrate Judge's recommendation on these claims, and the court, having reviewed the matter de novo, finds no reason to question his recommendation that the court should not dismiss them. Accordingly, the Fourth Objection is **OVERRULED**.

### IV.

In conclusion, Defendant Thomas's Objections are **OVERRULED**, the Magistrate Judge's R&R is **ADOPTED AND APPROVED IN FULL**, and Defendant Thomas's Motion to Dismiss, ECF No. 109, is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for all parties.

IT IS SO ORDERED.

_____/s/_____
Rebecca Beach Smith
Chief Judge
_____
REBECCA BEACH SMITH
CHIEF JUDGE

March 24, 2017