UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FEB 27 2019

ROXANNE ADAMS, ADMINISTRATOR OF
THE ESTATE OF JAMYCHEAL M. MITCHELL,

    **Plaintiff,**

v.                                  CIVIL ACTION NO. 2:16cv229

NAPHCARE, INC., et al.,

    **Defendants.**

## ORDER

On February 21, 2019, the court held a hearing on the approval of a wrongful-death settlement in this case. At that hearing, the court inquired as to whether Plaintiff, Roxanne Adams, Administrator of the Estate of Jamycheal M. Mitchell, would be entitled to a fee for her role in this case. Following the hearing, Plaintiff filed a Brief Concerning the Administrator's Right to Compensation ("Brief Concerning Compensation"). ECF No. 284. The court has reviewed the matter and is of the opinion that the Virginia Code excludes the distribution of a fee from the wrongful-death settlement proceeds to the administrator.

Virginia Code § 8.01-54(C) specifies:

> The amount recovered in [a wrongful-death] action <u>shall</u> be paid to the personal representative who <u>shall</u> first pay the costs and reasonable attorney's fees and then distribute the amount specifically allocated to the payment of hospital, medical, and funeral expenses. The remainder of the amount recovered <u>shall</u> thereafter be distributed . . . to the beneficiaries.

Id. (emphasis added).

The expression of specific distributions provided by the Virginia Code implies the exclusion of other distributions. See In re Woodley, 290 Va. 482, 490 n.9 (2015) (citing Fisher v. Tails, Inc., 289 Va. 69, 75 (2015) (applying "the statutory canon of expressio unius est exclusio alterius ('the express mention of one thing [in a statute's language] excludes all others')")). Accordingly, the Virginia Supreme Court has given effect to the plain language of Virginia's wrongful-death statutes:

> What the legislature said is that a wrongful death award 'shall be paid to the personal representative' for distribution to the beneficiaries. Code § 8.01-54(C). We presume that the legislature says what it means and means what it says. Given the clarity of Code § 8.01-54(C), we may neither add to this statutory text nor subtract from it.

Id. at 491 (following the plain language of Virginia's wrongful death statute to conclude that the court erred when it ordered payment of the minor beneficiaries' awards to the clerk of court); see also Powell's Adm'x v. Powell, 4 S.E. 744, 745 (Va. 1888) ("[W]here a compromise is effected, as was done in the present case, the money paid is to be distributed according to the statute of distributions.").

Although the court does not find a monetary award to be permitted under Virginia law, the court acknowledges Ms. Adams's significant role in this complex case and in bringing about public awareness of the tragic and unnecessary death of her nephew,

2

Jamycheal Mitchell. See generally ECF No. 284 at 4 n.4. Specifically, the court commends Ms. Adams for pursuing justice for Jamycheal Mitchell, bringing this matter to a beneficial settlement, and establishing Jamycheal Mitchell's legacy through her efforts on his behalf, both in this court and in the state legislature. See Act of March 24, 2017 ("Jamycheal Mitchell's Law"), ch. 759, 2017 Va. Acts 1383 (codified as amended at Va. Code Ann. §§ 53.1-2, 53.1-5, 53.1-127 (2013 & Supp. 2018), and codified at Va. Code Ann. § 53.1-69.1 (Supp. 2018)) (new Virginia Code § 53.1-69.1 outlines procedures for the "[r]eview of death of inmates in local correctional facilities").

The Clerk is **DIRECTED** to send a copy of this Order to counsel for all parties. Counsel for Plaintiff is **DIRECTED** to forward a copy of this Order to Ms. Adams.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

February 27, 2019

3