UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROXANNE ADAMS, ADMINISTRATOR OF
THE ESTATE OF JAMYCHEAL M. MITCHELL,

    Plaintiff,

v.                              CIVIL ACTION NO. 2:16cv229

NAPHCARE, INC., et al.,

    Defendants.

## OPINION

The court issues this Opinion simultaneously with entry of the Amended Order Approving Wrongful-Death Settlement ("Wrongful-Death Settlement Order" or "Order") in this case, which Order is attached hereto and incorporated herein. Given the heartbreaking and shocking circumstances of this case leading up to the entry of this Wrongful-Death Settlement Order, little satisfaction is derived therefrom. Entry of the Order does not change the circumstances of Jamycheal Mitchell's tragic and needless death, but it does bring some closure to his family, as well as heightened public awareness of the inadequacy of the penal system as a proper setting in which to address mental health issues.

Jamycheal Mitchell was arrested on April 22, 2015, and incarcerated for allegedly shoplifting $5.05 worth of soda and snacks from a 7-Eleven. The presiding state court judge, The Honorable Morton V. Whitlow, recognized the need for mental health care for Mr. Mitchell and entered an Order for Treatment of Incompetent Defendant ("Competency Restoration Order"), on May 21, 2015, finding Mr. Mitchell unable to stand trial and directing that Mr. Mitchell be treated at a state mental hospital in an effort to restore his competency. However, due to an unacceptable breakdown in the bureaucratic mechanisms for carrying out the court's order, combined with the lack of care and concern of many individuals in the system who dealt with Mr. Mitchell, he wasted away over a period of almost four months, going from approximately 180 pounds to 144 pounds, in solitary confinement in the Hampton Roads Regional Jail. His deteriorating mental and physical condition was basically ignored, and he died amid his own feces and bodily fluids on August 19, 2015, from "wasting syndrome," without the judge's Competency Restoration Order, issued on May 21, 2015, ever being finally processed.

While institutional and individual accountability in this matter remain woefully lacking, the case and resulting settlement at least bring about sharpened focus on, and heightened public awareness of, the problems of incarcerating

mentally ill individuals. One result of this heightened awareness was the enactment of the Jamycheal Mitchell Law in the Virginia legislature. See Act of March 24, 2017 ("Jamycheal Mitchell Law"), ch. 759, 2017 Va. Acts 1383 (codified as amended at Va. Code Ann. §§ 53.1-2, 53.1-5, 53.1-127 (2013 & Supp. 2018), and codified at Va. Code Ann. § 53.1-69.1 (Supp. 2018)) (new Virginia Code § 53.1-69.1 outlines procedures for the "[r]eview of death of inmates in local correctional facilities"). The review and oversight of the problems of addressing mental health issues through correctional facilities appears now to be an ongoing issue of public concern. Consequently, this case and the resulting settlement, together with continued efforts to improve the systemic bureaucratic and individual failures that led to Mr. Mitchell's shameful death, do give importance and meaning to his legacy.

Finally, the court commends Roxanne Adams, Jamycheal Mitchell's aunt and the Administrator of his Estate, as well as Ms. Adams's attorneys, for diligently pursuing, for nearly three years, this tragic and complex civil rights case under 42 U.S.C. § 1983, the case having been filed in this court in May 2016 and involving 294 separate docket entries. Ms. Adams, as Administrator of the Estate, assumed the responsibility of paying the costs of the litigation, absent a favorable monetary outcome; and her attorneys assumed the risk of receiving no

3

compensation for their efforts, as they were retained on a standard legal contingency basis with no guarantee of a fee, absent a favorable monetary outcome.

All this being said, the lack of human decency shown Mr. Mitchell can never be rectified. This case epitomizes the maxim "Man's inhumanity to man." Robert Burns, <u>Man Was Made to Mourn: A Dirge</u> (1784) ("Man's inhumanity to man Makes countless thousands mourn!"). Thus, no amount of money can bring a person back to life or fully provide justification for a wrongful death, here the wrongful death of Jamycheal M. Mitchell. This settlement brings a monetary conclusion to a lawsuit involving some of the most appalling and inhumane allegations to which the undersigned judge has been privy in over thirty years on the federal bench. Sadly, it does not determine any ultimate liability in the case.

The Clerk is **DIRECTED** to send a copy of this Opinion, together with the Amended Order Approving Wrongful-Death Settlement, to counsel for all parties.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

March 19, 2019